(No. 25224.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JOSEPH FINKELSTEIN, Defendant in Error.

*Opinion filed October 13, 1939.*

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, MELVIN S. REMBE, and ROBERT E. WRIGHT, of counsel,) for the People.

RITTENHOUSE & MAROVITZ, BRODKIN & BIEBER, and GRENVILLE BEARDSLEY, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of error sued out by the People to review the judgment of the Appellate Court for the First District which affirmed an order of the criminal court quashing an indictment charging defendant in error, Joseph Finkelstein, with conspiracy to cheat and defraud the State.

A motion has been made to dismiss the writ of error based on two grounds: (1) That there is no jurisdiction in this court to review, on writ of error, a judgment of the Appellate Court affirming an order of the criminal court quashing an indictment; and, (2) that what took place in the trial court was, in fact, the discharge of defendant on a plea of immunity rather than quashing the indictment, and as the People may not have a review of such an order, there is no right given by the statute to the People to sue out a writ of error.

It is conceded by the People that the only authority for suing out writs of error on behalf of the People in a criminal case is to be found in the statute, (Ill. Rev. Stat. 1937, chap. 38, par. 747,) which, so far as material here, reads as follows: "The People may sue out writs of error to review any order or judgment quashing or setting aside an indictment or information."

Concerning the first point made by defendant in error, he urges that the writ of error sued out of this court is not to review an order or a judgment quashing or setting aside an indictment, but to review the judgment of the Appellate Court which, he says, has not quashed the indictment but merely affirmed the order of the criminal court so doing. This position is entirely without merit. What the writ of error here seeks is a review of the order quashing the indictment, which, in a misdemeanor case, is first to be sued out of the Appellate Court. If that court reverses the order of the trial court and remands the cause, this court will not review the action of the trial court, not however, for the reason here urged, but because such action of the Appellate Court does not constitute a final order or judgment. (*People* v. *McArdle*, 370 Ill. 513.) Where the Appellate Court affirms the order or judgment of the trial court quashing an indictment, it is the action quashing the indictment which is reviewed. It is but "sticking in the bark" to argue that because the statute does not, in express terms, grant authority to the People to sue out a writ of

error from this court to review the action of the Appellate Court in such a case, that no such action lies. The intent and purpose of the statute clearly is, as was said in *People* v. *Kopman,* 358 Ill. 479, that it be applied to those defects in the law which prevented a review of an order quashing an indictment. It may be further observed that the statute, in terms, authorizes the People to "sue out writs of error" to review "any order or judgment quashing," etc. This cannot mean that the People may sue out more than one writ of error from the Appellate Court to review an order or judgment quashing an indictment, in a misdemeanor case. A writ of error is a new suit and it was evidently the contemplation of the General Assembly, in enacting the statute, that writs of error might, in a case such as this, be sued out of not only the Appellate Court but likewise this court, as the defendant, in misdemeanor cases, may do in case of errors arising on the trial.

Concerning defendant in error's second contention, that is, that the trial court in reality discharged the defendant on a plea of immunity, and that it was this action of the trial court that was affirmed by the Appellate Court, the record presents a peculiar case of anomaly and confusion. The indictment consisted of four counts and charged defendant in error with conspiracy to return fraudulent and incorrect tax returns and untrue reports of the State Auto Finance Corporation, a corporation, with respect to retail sales of tangible personal property. A motion to quash was filed on the ground that the indictment, and each count thereof, was insufficient to charge an offense. It was in that motion further alleged that defendant was immune from and not subject to prosecution by reason of the fact that he had furnished information to the agents of the State concerning the condition of the books of the State Auto Finance Corporation.

While the motion to quash was pending and undisposed of, defendant filed a plea in bar alleging the same facts as to immunity. A replication to that plea was filed by the

People. Later the People moved to withdraw the replication and to file a motion to strike the plea. In this condition of the record the court announced that he would hear argument on both the motion to quash and that to strike the plea of immunity. A stipulation was entered into pertaining to certain facts alleged in the plea. No evidence was heard, however, and the trial judge, instead of ruling on the plea, or the People's motion relating thereto, and though announcing that he was satisfied defendant was entitled to immunity, declared specifically that because the motion to quash the indictment was filed first, he would dispose of that, which he did by sustaining it and quashing the indictment. He then announced that since the motion to quash had been allowed, the indictment fell and the plea fell with it, and he gave no consideration to the plea. On review in the Appellate Court, little attention seems to have been given to the existence of the motion to quash or the fact that the order of the trial court quashed the indictment instead of sustaining the plea, and a supposed judgment allowing the plea was affirmed.

Counsel for defendant say here that what occurred in the trial court is, in form and substance, the same as sustaining the plea, and that it is of no special consequence that the record shows that the court quashed the indictment instead of sustaining the plea. In view of the fact, however, that the right of the People to writs of error depends upon whether the judgment of the court quashed the indictment or sustained the plea, it is important and not a mere technicality that the record be kept straight in that regard. On a record quashing an indictment the People, under the section of the Criminal Code quoted, have a right to sue out writs of error. On a judgment of the court sustaining a plea in bar and discharging the defendant, the People do not have such a right. There is a marked difference, important here, to the right of the People to be heard in review. Where the defendant files a plea in bar, which is held good either

on demurrer or on evidence, the judgment is *nil capiat* and the order should be that the defendant be discharged. (*People* v. *Vitale,* 364 Ill. 589; *Ward* v. *Stout,* 32 id. 399.) The judgment quashing an indictment in nowise affects the question of guilt or innocence of the accused or any defense which he may offer. A motion to quash goes to the sufficiency of the indictment to charge the offense against the accused. There is no doubt, and no argument, concerning the sufficiency of this indictment, and, therefore, as a ruling on a motion to quash, the judgment of the criminal court is erroneous.

But counsel for defendant in error say that the judgment of the trial court quashing the indictment may be treated as surplusage and cite the case of *People* v. *White,* 364 Ill. 574, as supporting this contention. In that case the decision arose on the sufficiency of a plea of former acquittal, to which the People filed a demurrer, and it was held that where such a plea is sustained the defendant is entitled to an order of discharge, and that a part of the court's order quashing the writ may be rejected as surplusage. In that condition of the record it was held the People had no right to sue out the writ of error under section 17, division 13, of the Criminal Code hereinbefore quoted. That case, and those similar cited by defendant in error, bear this marked distinction: The matter ruled upon was not a motion to quash but the order showed that it was one sustaining a plea. Such is not the record in this case. While the trial judge announced that he believed the plea to be good, he definitely refused to pass upon it saying that he was passing upon the motion to quash. The record shows that such was the order entered. In this the trial court further erred.

The rule in this State is that by filing a plea, after a motion to quash an indictment, the defendant waives his motion to quash, and such motion, after plea, cannot be considered unless, upon leave obtained, the plea is first

withdrawn. (*People* v. *Munday,* 280 Ill. 32; *People* v. *Jones,* 263 id. 564; *People* v. *Strauch,* 247 id. 220; *Mc-Kevitt* v. *People,* 208 id. 460; *Long* v. *People,* 102 id. 331.) The trial court should have held the motion to quash waived and passed upon the motion to strike the plea. This it did not do.

It follows that the trial court not only erred in sustaining the motion to quash the indictment, but erred in considering it while a plea in bar was pending. The fact remains, however, that the trial court did quash the indictment, thereby giving to the People the right, under the statute, to sue out a writ of error to review that action. And as we have hereinbefore indicated, the question of the existence of that right on the part of the People makes it important that these rules of procedure be carefully followed in such criminal cases.

The judgments of the Appellate Court and the criminal court of Cook county are reversed and the cause is remanded to the criminal court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*