## PITTS v. STATE OF INDIANA

[No. 27,226.  Filed December 7, 1939.]

*Milo C. Murray,* for appellant.

*Omer S. Jackson,* Attorney General, and *James K. Northam,* Deputy Attorney General, for appellee.

TREMAIN, J.—The appellant has appealed from a conviction of murder in the second degree, and has assigned error upon the action of the court in overruling his answer in abatement and motion for a new trial.

A transcript containing a copy of all papers and order book entries was duly certified by the clerk of the Criminal Court of Lake County on the 5th day of May, 1939, and filed in the office of the clerk of this court on May 8, 1939. A written opinion by the court

was filed November 6th, which was withdrawn November 8th upon information received by the court that the transcript had been materially altered without the knowledge of the clerk of the Criminal Court of Lake County, after it had been signed and certified by him. On receiving this information the court directed the clerk of the Criminal Court of Lake County to prepare and file a true and complete copy of the portion of the record alleged to have been altered. The clerk has complied with the order, and has filed the certified copy accompanied by supporting affidavits of the trial judge, prosecuting attorney, clerk of the court, and others, to which appellant, by counsel,. has filed response, all of which is ordered filed and made part of the record.

On pages 9 and 10 of the original transcript as altered it is shown that an answer in abatement was filed and the court refused to hear evidence as to the facts alleged therein and overruled it, to which ruling the appellant excepted. The true record of the Criminal Court of Lake County, certified to by the clerk on the 7th day of November, 1939, now on file in this court, discloses that the appellant filed a plea in abatement to which the state replied by general denial. This record recites:

" * * * The plea of abatement is now submitted to the Court for hearing and the Court having heard all the evidence and argument of counsel and being now fully advised in the premises now overrules said plea. To which ruling of the Court the defendant excepts. * * * "

The clerk of the Lake Criminal Court, on oath, says this entry was copied in the original transcript, but, without his knowledge or consent, was altered and forged to cause it to read that the court refused to hear evidence. The record before the court imports verity, and in the absence of a showing to the contrary, it must be presumed that the ruling

of the trial court was correct. The appellant could ask for no more than a hearing upon his plea in abatement. This hearing was had. He has failed to show error in the court's finding and ruling thereon.

(The facts concerning the alteration of this transcript are being investigated by the court, and upon completion of the investigation will be dealt with in a separate proceeding warranted by the facts.)

The appellant contends that the judgment of the court is not sustained by sufficient evidence. It is disclosed that on the evening of the 22nd day of June, 1938, the appellant, with two other colored men, was riding in an automobile on Broadway in the city of Gary; that the Louis-Schmelling prize fight had taken place that evening, and the appellant and his companions were driving over the city to see how the fight was being taken by people generally; that they approached the intersection of Broadway with 38th Avenue in that city, and there found a large assembly of people estimated from five hundred to one thousand; that police were present, but the assembled crowd seemed to be boisterous; that appellant and his companions were compelled to stop at the crossing because of the stop light, and, while sitting in their car, fruit and vegetables were thrown towards them; that the appellant took a thirty-two automatic pistol from his pocket and shot into the crowd, killing a woman.

He makes no denial of this fact, but bases his defense upon the fact that he did not intend to kill the decedent, and could not have intended to kill her because she was unknown to him. He overlooks the fact that intent and purpose to kill may be inferred from the deliberate use of a deadly weapon in a manner calculated to produce death. It has been held that evidence of a mortal wound inflicted by a

deadly weapon in the slayer's hand, without any or only slight provocation, entitled the state to go to the jury on the question of intent. *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192; *Walker* v. *State* (1894), 136 Ind. 663, 36 N. E. 356.

Also, malice is inferred from the use of a deadly weapon which caused the death charged in the indictment. *Dundovich* v. *State* (1921), 190 Ind. 600, 131 N. E. 377; *Bridgewater* v. *State* (1899), 153 Ind. 560, 55 N. E. 737; *Welty* v. *State* (1913), 180 Ind. 411, 100 N. E. 73.

The law presumes that a man intends the natural and necessary consequences of his acts. *Coolman* v. *State* (1904), 163 Ind. 503, 509, 72 N. E. 568; *Morgan* v. *State* (1921), 190 Ind. 411, 130 N. E. 528; *King* v. *State* (1918), 187 Ind. 220, 118 N. E. 809; *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543.

The appellant must show affirmatively by the record that there was an error prejudicial to his substantial right before he is entitled to a reversal on appeal. He has failed to make this showing. *Onstott* v. *State* (1928), 200 Ind. 37, 161 N. E. 267; *Genett* v. *State* (1925), 197 Ind. 105, 149 N. E. 894.

The evidence is sufficient to support the verdict. The judgment is affirmed.