WEER ET AL. *v.* STATE OF INDIANA

[No. 27,462. Filed October 7, 1941. Rehearing denied November 28, 1941.]

*Harry S. Taylor, Al W. Johannes, William E. Voor, Jackson & Grant, George Farage,* and *Nicholas Cholis,* all of South Bend, and *Thomas E. Garvin, Edward Fillenwarth,* and *Ralph B. Gregg,* all of Indianapolis, for appellants. -

*George N. Beamer,* Attorney General, *Glen L. Steckley* and *Warren Martin,* Deputies Attorney General, and *James E. Keating,* of South Bend, for the State.

SHAKE, J.—The appellants were convicted of conspiracy to commit the felony of grand larceny. The first alleged error relied upon relates to the drawing and impaneling of the grand jury that indicted the appellants. It was charged by way of separate pleas in abatement that the trial court ordered the names of 12 persons instead of 6 to be drawn for grand jury service; that the drawing was not public, but was done

in a small wood and glass enclosure in the clerk's office, used by him for private conferences; that the names of 12 prospective grand jurors were drawn and recorded, 9 of whom were subsequently summoned by the sheriff; and that the order book of the court did not otherwise disclose the names of the grand jurors who served.

This court recently held that the intervention of mere irregularities in drawing and organizing the grand jury which involved no charge of fraud or corruption and in no way prejudiced defendant's substantial rights, assuming, in the absence of anything appearing to the contrary, that the body as constituted was composed of persons duly examined and qualified and not subject to any statutory causes of challenge, is not available as a plea to abate an indictment. *Anderson* v. *State* (1941), 218 Ind. 299, 32 N. E. (2d) 705. A plea in abatement must anticipate and negative all matter which, if alleged as a defense, would defeat the plea, and, by the evidence supporting the plea, the pleader must sustain the burden of anticipating and negativing any matter which would be a defense. *Deep Vein Coal Co.* v. *Dowdle* (1941), 218 Ind. 495, 33 N. E. (2d) 981. There were no charges of fraud or corruption and the appellants' substantial rights are not shown to have been prejudiced by the drawing of the grand jurors' names in that part of the clerk's office usually reserved for his private use, or by the fact that more than 6 jurors were drawn and summoned. From all that is made to appear, the first 6 persons whose names were drawn and recorded may have constituted the grand jury, and, in the absence of any showing to the contrary, it must be presumed that this was true. *Fenwick* v. *State* (1929), 200 Ind. 460, 164 N. E. 632.

*Souerdike* v. *State* (1938), 214 Ind. 523, 15 N. E. (2d) 379, is authority for the statement that the names of persons drawn for jury service should be ■ promptly made a matter of record, so that interested parties may have a timely opportunity to inquire into their qualifications. The names of the prospective grand jurors drawn in the instant case were so recorded, and the appellants could not have been harmed by the fact that 6 more were drawn and 3 more summoned than were required to serve.

The appellants each demanded a separate trial, which demands were refused, and they now assert that an automatic severance was effected by operation of ■■ law, and, also, that the trial court abused its discretion in forcing them to be tried together. The claim of a severance by operation of law is based upon the fact that after appellants' separate pleas in abatement were overruled, Weer sought and obtained a purported change of venue from the judge while Rose's motion for a new trial was pending. In *State ex rel. Rose* v. *Worden, Special Judge* (1939), 216 Ind. 83, 23 N. E. (2d) 264, this court held that the special judge appointed on Rose's motion was without jurisdiction and ordered the case remanded to the regular judge. The granting of a change of venue to one of several defendants jointly charged does not of itself entitle any of them to a separate trial. *State ex rel. Flaherty and Nye* v. *Ermston, Spec. J.* (1935), 209 Ind. 117, 197 N. E. 908. It necessarily follows that an unauthorized attempt to appoint a special judge would not accomplish such a result.

Under the statute now in force it is provided ■■ that:

"When two [2] or more defendants are jointly charged with any offense, whether a felony or a

misdemeanor, they shall be tried jointly, unless the court, in its discretion, on the motion of the prosecuting attorney, or of any defendant, or on its own motion, orders separate trials." § 9-1804, Burns' 1933 (Supp.), § 2284, Baldwin's Supp. 1935.

Where a discretionary power is vested in a lower or inferior court, there must be a plain abuse of such power to the prejudice of the complaining party, in order to warrant the interference of this court on appeal. *Neal* v. *State* (1938), 214 Ind. 328, 14 N. E. (2d) 590, 15 N. E. (2d) 950. It is sufficient to say that no such abuse of discretion is disclosed by the record before us.

The appellant Rose moved for his discharge pursuant to § 9-1403, Burns' 1933, § 2239, Baldwin's 1934, on the ground that he had been held under recognizance more than three terms, not including the term at which the recognizance was taken. It is apparent, however, that the delay was caused by the pleas in abatement referred to above, the premature effort of Weer to obtain a change of venue from the judge, and the resulting original action in this court. The state is not answerable for these delays, and the motion to be discharged was properly overruled. *Sullivan* v. *State; Flick* v. *State* (1939), 215 Ind. 343, 19 N. E. (2d) 739.

In *State ex rel. Rose* v. *Worden, Special Judge, supra,* it was said (216 Ind. 89, 23 N. E. [2d] 267):

"While it might be that co-defendant Weer had the naked right to file his affidavit and motion for a change of venue at the time he filed the same, we are convinced that he had no right to a change until the motion for a new trial had been disposed of in the event such a motion had been filed, or

until the time for the filing of such a motion had expired, or the filing of the same had been waived."

It follows that from the time Weer's motion for a change of venue from the judge was filed the regular judge was without jurisdiction, other than to dispose of the motion of Rose for a new trial on the issues formed on his plea in abatement and to grant the change. However, before the change of venue was perfected the state filed a motion to dismiss the prosecution and the regular judge undertook to sustain the same. Thereafter, he vacated the entry of dismissal, and we think this was proper, for the reason that he was then without jurisdiction to entertain the motion to dismiss.

Weer's affidavit for a change of venue from the judge contained an objection to the regular judge selecting a special judge to try the case. The clerk of the court below certified that fact to the clerk of this court, who submitted a list of three names. The regular judge refused to preside at the striking and the parties refused to strike, whereupon the clerk struck off two names and made a record thereof on the order book of the court. The special judge thus selected thereupon assumed the bench, and it is now contended by the appellants that he was without jurisdiction because the striking was not done pursuant to the order of the regular judge and the special judge received no certificate of appointment. The statute (§ 2-1430, Burns' 1933 [Supp.], § 2223-1, Baldwin's Supp. 1937), regulating the selection of special judges from the nominations made by the clerk of this court, under the supervision of the court, is self-executing and does not require the exercise of any judicial function on the part of the regular judge. While it is not improper for the regular judge to preside at the striking, it is not essential that he do so. The important thing is that

the statute be complied with and that the record disclose what was done, both of which are here made to appear.

There is no contention in this court that the indictment was not sufficient to charge conspiracy to commit grand larceny. There was, however, a motion to strike out parts of the indictment, upon the theory that the allegations sought to be eliminated were surplusage, duplicitous, and prejudicial. The appellants say that the language of the indictment which they asked the court to strike was an apparent effort on the part of the State to charge them with conspiracy to obtain money by false pretense, while the appellee asserts that this language was merely descriptive of the manner in which the conspiracy to commit larceny was accomplished. The indictment is too long to quote, but we think the parts thereof to which objections were made are reasonably susceptible to either of the above interpretations. The case was tried on the theory that the charge was one of conspiracy to commit larceny, and that part of the appellants' brief devoted to this subject merely asserts that the language complained of was insufficient to charge conspiracy to obtain money by false pretense. Under these circumstances, the appellants were not harmed by the refusal of the court to strike out parts of the indictment.

The appellants petitioned the court below for an order requiring the prosecuting attorney to produce for their inspection in advance of the trial certain documents alleged to be in the possession of the State. In passing upon the petitions the court ordered these papers to be produced at the trial, and it is now asserted that the relief granted was inadequate and deprived the appellants of a timely opportunity to prepare their defenses. The appellants claim the benefit of § 9-2407, Burns' 1933, § 2395, Baldwin's

1934, which provides that in all cases where no special provision is made in the criminal code, the rules of pleading and practice in civil actions shall govern. The civil code directs that "the court, or a judge thereof, may, under proper restrictions, upon due notice, order either party to give the other, within a specified time, an inspection and copy of any book or part thereof, paper or document in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein." § 2-1645, Burns' 1933, § 285, Baldwin's 1934. There is a lack of harmony in the decisions as to the right of an accused to the inspection and disclosure of evidence in the possession of the prosecution. See the scholarly opinion of Cardozo, Ch. J., in *People ex rel. Lemon* v. *Supreme Court* (1927), 245 N. Y. 24, 156 N. E. 84, 52 A. L. R 200 (annotated). We find it unnecessary, however, to look beyond the statute quoted above, assuming it applicable. The right to have a production of papers under our statute is not an absolute one, but is addressed to the sound discretion of the court. In the instant case there has not been shown such a clear abuse of discretion as would warrant us in holding that there is reversible error.

The motion for a new trial comprises 87 pages of the transcript and contains 367 separate and distinct charges of error in the proceedings. We have frequently urged upon counsel for appellants appearing in this court the desirability of restricting the propositions presented to us for consideration to those principally relied upon and have suggested that one, or at most a few such propositions, clearly stated and exhaustively briefed, are more likely to obtain satisfactory consideration than if the issues are beclouded by a veritable fusillade of alleged errors. The failure of

the appellants to heed this admonition compels us to group together for the purposes of this opinion a large number of propositions more or less related.

No questions are presented by the motion for a new trial with respect to the admission of evidence under the rule enunciated by this court in *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267; and the propositions, points, and authorities relating to the giving and refusal of instructions are likewise too general and indefinite to present any question for our consideration. We have examined the evidence and find it sufficient to sustain the verdict.

Judgment affirmed.

NOTE.—Reported in 36 N. E. (2d) 787.

On Petition for Rehearing.

SHAKE, C. J.—The appellants have filed a petition for rehearing, in which they assert that this court failed to discharge adequately the constitutional mandate resting upon it to give a statement in writing upon each question arising in the record. (Section 5, Article 7, Constitution of Indiana.) A question arising in the record, within the meaning of this provision, must be one, "the decision of which is necessary to the final determination of the cause; and which the record presents with a fullness and distinctness rendering it possible for the Court to comprehend it in all its bearings." *Willets* v. *Ridgway* (1857), 9 Ind. 367, 370.

In their petition for rehearing, the appellants urge that four of the alleged errors not previously considered ought to result in a reversal, and we have concluded to pass upon these propositions. They are: (1) Error on the part of the trial court in denying the separate

motions of the appellant Weer for his discharge prior to the trial; (2) error in the admission of the testimony of an examiner for the Gross Income Tax Division relating to information which he obtained in his official capacity and conversations he had with the appellant Rose; (3) error arising on the trial by reason of the refusal of the court below to sustain the motion of the appellant Weer to withdraw the submission; and (4) error in the giving of the court's instruction No. 4. We shall consider these alleged errors in the order stated above.

In the principal opinion we discussed Weer's motion for discharge, but unfortunately referred to it as having been made by Rose. We welcome the opportunity to make the correction, and with that modification we are satisfied with the disposition of the claim that the trial court erred in denying Weer's motion to be discharged.

The alleged error with respect to the admission of the testimony of the examiner for the Gross Income Tax Division was predicated upon assignments in the motion for a new trial, of which the following is typical:

"273. Error of law in admitting in evidence, over objections and exceptions, of testimony of one Kimball, an examiner for the Gross Income Tax Division of Indiana, of statements made to him by the defendant Rose, in connection with the accounts between Schuyler Rose, Inc., and the City of South Bend, and the fact that the books of the company did not reflect the same amounts as to deliveries as the amounts paid by said City to said corporation; for the reason that as conversations in the course of an income tax audit, same were privileged; it was a violation of the constitutional rights of defendants to permit such testimony; self-incriminatory; and that the statutes and constitution of Indiana, and of the United States, did not permit such testimony except in connection with

an investigation of alleged tax violations or a prosecution for same."

In passing upon the sufficiency of another assignment of the same character, this court said in *Brown* v. *State* (1939), 216 Ind. 106, 108, 23 N. E. (2d) 267, 268, 269:

"It will be noted, therefore, that the motion for a new trial does not disclose whether the questions complained of were propounded on behalf of the state or the defendant . . .; what objections, if any, were made to them at the time; or whether exceptions were reserved. Such indefinite assignments do not present anything for review on appeal.

"When error is predicated upon the admission or rejection of testimony, the motion for a new trial should set out the question and answer, if there was one, or the substance thereof. This was done in the case at bar, but that is not enough. The objection urged below should also be set forth, together with the ruling of the court with respect thereto, and it should be made to appear that a timely exception was saved. This is necessary for two good reasons: (1) that the trial court may be fully apprised of the alleged error so that it may have an opportunity to correct the ruling by granting the motion if it deems it proper to do so; and (2) that this court may be able to consider the matter on appeal without being burdened to search the record for grounds to reverse."

The requirement with reference to reserving exceptions has since been obviated by Rule 1-5, 1940 Revision.

It does not appear from the specification in the motion for a new trial quoted above whether the testimony complained of was offered on behalf of the State or the defendants. We cannot determine whether the objections to the admission of the evidence now relied on were made at the trial or first conceived when the motion for a new trial was prepared. We do

not have the benefit of the trial court's ruling. It is apparent that this assignment does not present any question to this court.

The motion of the appellant Weer to withdraw the submission of the case to the jury was based upon a newspaper account published during the trial, to the effect that one of the State's witnesses had been threatened on account of his testimony and that police had been detailed to guard his home. The motion charged that this newspaper article was inspired by a deputy prosecuting attorney, but this was denied and that part of the charge was then withdrawn. On the day following the publication, the newspaper retracted the story. The court had previously admonished the jury not to read newspaper accounts of the trial, and if they violated this order, which we cannot presume, it would be reasonable to suppose that they also read the retraction, which was as widely circulated as the preceding article. We cannot say that the trial court abused its discretion in refusing to withdraw the submission.

The court's instruction No. 4 was as follows:

"Evidence in proof of conspiracy will generally be circumstantial, and it is not necessary, for the purpose of showing the existence of the conspiracy, for the State to prove that the defendants came together and actually agreed upon a common design and purpose, and agreed to pursue such common design and purpose, in the manner agreed upon. It is sufficient if such common design and purpose is shown to your satisfaction beyond a reasonable doubt by circumstantial evidence."

The part of this instruction objected to is the statement that it was not necessary for the State to prove that the defendants "came together and actually agreed upon" a common design and purpose. The appellants insist that an agreement is of the essence of a con-

spiracy, and in this they are correct; although it is not necessary for the parties to physically come together or assemble for the purpose of forming such an agreement. In our opinion, all possibility of the jury having been misled by this instruction was removed by instruction 10 requested by the state and given by the court, which was as follows:

> "I instruct you, Ladies and Gentlemen, that in order for you to find the defendants guilty of the crime of conspiracy, you must find beyond a reasonable doubt that there was an intelligent and deliberate agreement to do the acts and commit the offense charged in the indictment, that is, to take, steal and carry away money belonging to the City of South Bend, Indiana, in a sum of more than Twenty-five ($25.00) Dollars in the manner described in the indictment, but it was not necessary that there be a formal agreement between the parties to do the acts charged.
>
> "It is sufficient that the minds of the defendants, J. C. Weer and Jay Rose, met understandingly so as to bring about an intelligent and deliberate · agreement to do the acts and commit the offense charged although such an agreement was not manifest by any formal words. Concurrence of sentiment and corroborative conduct in an unlawful and criminal enterprise and not formality of speech are the essential ingredients of criminal conspiracy."

Considering these instructions together, the jury must have understood that a conspiracy cannot be established without an agreement, but that a physical meeting of the parties for the purpose of forming such an agreement is not essential.

The petition for rehearing is denied.

NOTE.—Reported in 37 N. E. (2d) 537.