SMITH *v.* STATE OF INDIANA

[No. 27,602. Filed March 2, 1942.]

534

*Laurent A. Douglass,* of Jeffersonville, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *Joseph O. Hoffmann,* Deputy Attorney General, for appellee.

SWAIM, J.—The appellant, Ernest Smith, was prosecuted on an affidavit charging him with having sold intoxicating liquor, on or about the ——— day of March, 1941, to Noel Wright and Errol Purlee without being the holder of an alcoholic beverage permit, contrary to the provisions of § 12-605, Burns' 1933 (Supp.), § 3764-31(5), Baldwin's Supp. 1937. A trial to a jury resulted in his conviction and this appeal is from the judgment entered thereon.

Under the alleged error of the court in overruling his motion for a new trial the appellant has attempted to raise various questions. One question so raised by the appellant involved certain improper remarks made by the prosecuting attorney in his closing argument to the jury and the refusal of the court to take any action with regard thereto. This alleged irregularity was recited in the appellant's motion for a new trial, and the motion for a new trial and the action of the court thereon were incorporated in a special bill of exceptions. Such error can only be presented on appeal by a bill of exceptions. A mere recital in the motion for a new trial is not sufficient. *Heath* v. *State* (1910), 173 Ind. 296, 300, 91 N.E. 310. Such a recital is not made any more authoritative by incorporating the motion for a new trial in a bill of exceptions. The certificate to the bill of exceptions only certifies to the fact that the document in question

is the appellant's motion for a new trial. Such certificate does not verify the truth of the statements contained in such motion.

The appellant contends that the court erred in admitting certain testimony of Noel Wright to the effect that the witness purchased whiskey from the appellant on one occasion and on another occasion from the appellant's brother, Marion Smith, who worked for the appellant. Appellant further objected to the admission of certain evidence of Noel Wright, Errol Purlee and Kermit Money to the effect that Marion Smith sold whiskey and beer to persons other than Wright and Purlee at times prior to the month of March, 1941. In attempting to assign each of these alleged errors as separate grounds in his motion for a new trial, the appellant, in each instance, failed to set out of the specific question objected to, the objections which were made thereto, or the answer of the witness to the specific question. Therefore, no question is presented to this court upon either of the alleged errors. *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 592, 24 N. E. (2d) 912.

One of the grounds in the motion for a new trial was that the court erred in refusing appellant the right to prove by Julius Poff, a competent and material witness, that on the 14th day of March, 1941, the appellant was at the home of said witness six miles from Borden, continuously from 4:30 to 9:00 o'clock p. m. While this witness was on the stand he was asked certain questions preliminary to having him testify that at the time in question the appellant was at the home of the witness. After these questions were answered, the prosecuting attorney objected thereto on the ground that the appellant was attempting to establish an alibi without having served a notice thereof on

the prosecuting attorney. After the court ruled thereon, and before any other question was asked, the appellant made his offer to prove. To present any question concerning the ruling on an offer to prove, there must first be a question asked which is calculated to elicit the testimony excluded. *Higham* v. *Vanosdol* (1885), 101 Ind. 160; *Indianapolis, etc., Transit Co.* v. *Hall* (1905), 165 Ind. 557, 76 N. E. 242.

Instructions Nos. 6 to 12, both inclusive, tendered by the appellant were refused by the court. These instructions all were based on the theory that in order to find the appellant guilty it was necessary that he be present at the time the liquor was sold. This is not the law. There was testimony from which the jury might properly have found that the appellant's brother, Marion Smith, was working for the appellant and sold whiskey in appellant's place of business pursuant to the appellant's instructions. *Thompson* v. *State* (1920), 189 Ind. 182, 125 N. E. 641.

Appellant's principal contention is that the verdict of the jury is not sustained by sufficient evidence. In determining this question we look only to the evidence most favorable to the State. Kermit Money testified that on March 14, he sent Errol Purlee into the appellant's place of business to buy whiskey and that Purlee returned to the appellant with the whiskey. Noel Wright testified that the appellant operated, in Borden, a place of business which is a grocery store with a filling station out in front; that in this place of business, Marion Smith, the appellant's brother, works for the appellant; that he, the witness, had repeatedly purchased whiskey and beer in this place of business, both from the appellant and from the appellant's brother; that in answer to the question, "did you tell Money before the 15th. day of March, 1941, that

you had bought liquor from Mr. Smith in the month of March, 1941." the witness answered, "He knew I bought whiskey there all the time."

Errol Purlee testified that Ernest Smith "runs a grocery store out home and runs a beer-joint and liquor store without any license."; that he went into said store and ordered some whiskey from Ernest Smith; that the appellant told his brother, Marion, to go and get the whiskey for the witness; that the brother worked there in the appellant's place of business for the appellant; that on receiving the whiskey from the brother, the witness paid the brother therefor; that this was on March 14, 1941; that he had also purchased beer from the appellant on a former occasion; that he had seen Noel Wright buying beer in the appellant's place of business, sometimes from the appellant and sometimes from the brother.

This evidence was ample to sustain the verdict of the jury.

The appellant insists that certain evidence introduced on his behalf proved that the statements of the above witnesses could not have been true. It is for the jury to determine which witnesses are to be believed. This court cannot weigh the evidence.

The judgment of the trial court is affirmed.

NOTE.—Reported in 39 N. E. (2d) 742.