### HARVEY v. STATE OF INDIANA.

[No. 28,950. Filed September 22, 1953. Rehearing denied November 3, 1953.]

*Burke & Burke,* of Elkhart, and *Harry S. Taylor,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Deputy Attorney General, (*J. Emmett McManamon,* former Attorney General, *William T. McClain,* former Deputy Attorney General,) for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding the appellant guilty of rape of a female child under the age of 16 years, for which he was sentenced to the Indiana State Prison for a term not less than two nor more than 21 years, as provided by §10-4201, Burns' 1942 Replacement.

The affidavit charged the offense was committed on or about the 24th day of November 1951. The prosecutrix was then 13 years of age. To this affidavit the appellant by counsel filed a motion to quash. The record does not disclose that the trial court ever ruled on this motion, and it does not show that the appellant was ever arraigned, or that he ever entered a plea of not guilty to the affidavit. Before trial the appellant did file notice he proposed to offer the defense of alibi pursuant to §§9-1631 and 9-1632, Burns' 1942 Replacement. The state filed its notice of the exact time of the alleged offense pursuant to §9-1632, and thereafter appellant filed the second notice pursuant to said section.

Appellant proceeded to trial without any objection in the trial court that he was not arraigned or that he had not been required to plead to the affidavit.

"Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant before trial objected to entering upon the trial for lack of such arraignment or plea." Section 9-1201, Burns' 1942 Replacement. "Where an accused proceeds to trial without objection, the effect of the statute is to put in the record a plea of not guilty for him." *Ingram v. State* (1951), 230 Ind. 25, 30, 99·

N. E. 2d 410. See also *Rogers* v. *State* (1937), 211 Ind. 47, 5 N. E. 2d 509; *Flowers* v. *State* (1943), 221 Ind. 448, 48 N. E. 2d 56.

The ruling on a motion to quash was waived by going to trial on the issues of not guilty and alibi. *Long* v. *People* (1882), 102 Ill. 331, 335, 336;[1] *People* v. *Finkelstein* (1939), 372 Ill. 186, 191, 192, 23 N. E. 2d 34; *People* v. *Brickey* (1931), 346 Ill. 273, 178 N. E. 483; *Ayrs* v. *State* (1867), 5 Coldw. [Tenn.] 26; 42 C. J. S. p. 1343, §311. The appellant by proceeding to trial without objection waived the ruling of the trial court on his motion to quash, waived arraignment, and the statute put in a plea of not guilty for him.

It is not necessary to set forth the sordid details of appellants' indecent acts perpetrated upon the prosecutrix. After conviction we only consider the evidence most favorable to the State and all reasonable and logical inferences that may be drawn therefrom to sustain the verdict. *Badgley* v. *State* (1948), 226 Ind. 665, 82 N. E. 2d 841. However, we have carefully examined the entire record in this case to determine if there was sufficient evidence to find the appellant proved guilty beyond a reasonable doubt.

Detective Milbourn of the Indiana State Police Department was called to the jail in Cassopolis, Michigan, to interview Orville Poyser who was a friend of the appellant. After Milbourn had interviewed Poyser, he

1. "It is first urged, that the case was tried without a plea, and while a motion to quash was pending. As to the motion to quash, it is not a rash presumption that all persons in the profession know that such a motion is waived by pleading to suit or action." *Long* v. *People* (1882), 102 Ill. 331, 335, 336.

"The rule in this State is that by filing a plea, after a motion to quash the indictment, the defendant waives his motion to quash, and such motion, after plea, cannot be considered unless, upon leave obtained, the plea is first withdrawn." *People* v. *Finkelstein* (1939), 372 Ill. 186, 191, 192, 23 N. E. 2d 34.

returned to the school in Elkhart where the prosecutrix was in class, and interviewed her and took a written statement. Immediately thereafter Milbourn executed the affidavit charging appellant with rape, and appellant was then arrested on the bench warrant. Appellant was taken to the Elkhart police station where he was interviewed in the presence of several officers. He refused to make a written statement at any time at the police headquarters.

Detective Milbourn said to appellant, "Just tell me that you didn't have sexual intercourse with ———— ———————— [the prosecutrix]. Just tell me," and he said "No, I won't answer that."

A few weeks before the trial the appellant stopped the father of the prosecutrix near Connor's Grocery on the Oslo Road. The father testified, "I asked him—I said: 'Virge, why in the world did you ever do such a thing', and he said: 'Bill, I don't know', and he said: 'If I got up in the court room and they asked me the same question, I would answer it the same way. I don't know why I done it', and I said: 'Why did you use a needle on the girl', and he said: 'I can't answer that either.' He said: 'It is just one of those things.' "

The prosecutrix testified to numerous acts of intercourse with appellant. Her testimony was straightforward, unconfused, and elicited without assistance of any leading questions. Her testimony as to intercourse was corroborated by the physical examination made by Dr. Irving Mishkin. She was further corroborated by the testimony of her father and Detective Milbourn.

The facts in the record of this case do not reveal any necessity for a psychiatric examination of the prosecutrix in order for the conviction to be sustained as was the case in *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892. The verdict of the jury

was sustained by sufficient evidence and was not contrary to law.

Judgment affirmed.

Bobbitt, C. J., and Draper, J., concur in result.

NOTE.—Reported in 114 N. E. 2d 457.