BLANTON *v.* STATE OF INDIANA.

[No. 29,069. Filed October 27, 1953. Rehearing denied January 19, 1954.]

52

*Edward C. Brennan* and *Obed T. Kilgore,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

DRAPER, J.—Appellant was tried by jury and found guilty of the crime of robbery while armed. He was sentenced to a term of twenty years in the Indiana State Prison. He appeals, assigning as error the overruling of his motion for new trial.

On April 21, 1952, an affidavit in one count was filed against appellant charging him with the crime of robbery. On April 26 he entered a plea of not guilty. On May 3rd the state filed a second count charging robbery while armed. The trial was begun on October 15, 1952. Each count of the affidavit charges the same identical robbery, the only difference being that count one charges robbery under Burns' 1942 Repl., §10-4101, while the second charges robbery *with a deadly weapon* under §10-4709. The appellant was convicted on the second count only.

The appellant says the filing of the second count constituted an amendment of the first count, which amendment was improper under Burns' 1942 Repl., §9-1133 because it was an amendment which changed the crime sought to be charged after the appellant had entered his plea. Although the record

shows that the appellant was present in person and by counsel at the time of the filing of count two of the affidavit, no objection was made then or later to the filing thereof. Therefore, no question with regard to the filing thereof is presented to this court.

The record does not show that the appellant was ever arraigned or that he ever entered a plea of not guilty to the second count of the affidavit, but the appellant proceeded to trial without any objection in the trial court that he had not been arraigned or that he had not been required to plead to the affidavit. The failure of the record to show an arraignment and plea, or either of them, does not invalidate a conviction unless the record shows that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea. Burns' 1942 Repl., §9-1201. "The appellant by proceeding to trial without objection . . . waived arraignment and the statute put in a plea of not guilty for him." *Harvey* v. *State* (1953), 232 Ind. 574, 114 N. E. 2d 457.

Before trial the appellant filed a motion to suppress evidence. Evidence thereon was heard out of the presence of the jury, and the motion was overruled, and that ruling is assigned as error. The evidence heard upon the trial of the issue of the appellant's guilt or innocence is not presented to this court. Therefore, no question of the correctness of the court's ruling on the motion to suppress evidence is presented. We are unable to determine whether the evidence which the appellant sought to suppress was introduced against him on the trial of the main issue. We, therefore, cannot determine whether error in the overruling of the motion to suppress evidence, if such there was, was prejudicial to the appellant. "The appellant must show affirmatively by the record that there was an error prejudicial to his substantial right before

he is entitled to a reversal on appeal." *Pitts* v. *State* (1939), 216 Ind. 168, 23 N. E. 2d 673.

It is asserted that the court erred in admitting in evidence the testimony of certain witnesses over the objection of the appellant. The rule is well settled that when error is predicated upon the admission or rejection of testimony the motion for a new trial should set out the question and answer, if there were one, or the substance thereof, the objection made in the trial court and the ruling of the court with respect thereto. *Weer* v. *State* (1941), 219 Ind. 217, 36 N. E. 2d 787, 37 N. E. 2d 537; *Dwigans* v. *State* (1944), 222 Ind. 434, 54 N. E. 2d 100; *Smith* v. *State* (1942), 219 Ind. 533, 39 N. E. 2d 742. The motion for new trial wholly fails to comply with this rule, and therefore no question is presented.

Whether the verdict of the jury is contrary to law because not supported by the evidence is a question not presented. However, we think it is not inappropriate to point out that we find the following statement in the appellant's brief:

> "It is admitted that the Chinese Palace, an Indiana corporation, doing a restaurant business in Indianapolis, was on the 12th day of March, 1952, held up at gun point and robbed of approximately $950.00. At the time of the robbery one Poy Hee Chinn, president of the owner corporation, was present, and testified that neither of the men were wearing a mask of any kind.
>
> "Further that this appellant was identified as one of the two (2) men who committed the alleged offense. One of the holdup men was armed with a gun but appellant did not show a gun. Two waiters in addition to Chinn were present at the time. One of said waiters, namely Sing, did not identify appellant. The other waiter, namely, Moi, did identify appellant. Both waiters testified that the man tentatively identified as appellant held a handkerchief to his face."

Other questions raised in appellant's motion for new trial have been waived by appellant's failure to brief them.

Finding no error in the record the judgment of the trial court is affirmed.

ON PETITION FOR REHEARING.

DRAPER, C. J.—The appellant's original brief in this case points out that when count two of the affidavit was filed, charging armed robbery, the appellant was present by counsel. Moreover, the record shows the following entry under date of May 3, 1952:

"Comes now the State of Indiana by Frank H. Fairchild, prosecuting attorney and by Wilbur Grant, his deputy; defendant appears in person and by counsel, Robert Rutherford; State files Count Two of Affidavit to-wit: Armed Robbery, which is as follows:" Here followed the affidavit charging armed robbery.

Nevertheless, the appellant in his petition for rehearing now insists he was not present either in person or by counsel at the time count two was filed. "The record as embodied in a properly prepared and duly authenticated transcript imports absolute verity, and cannot be aided, varied, or contradicted by extrinsic evidence." Elliott Appellate Procedure, §186; and see Flanagan, Wiltrout & Hamilton, §2292. However, there is actually some confusion in the record due to the fact that on May 3, 1952, there were two defendants in this case, one of them being one James Marshall who later entered a plea of guilty.

If the entry above referred to be construed as applying to Marshall, and not to the appellant, it would not change our conclusion in this case. The record discloses that the appellant appeared on several occasions by

counsel subsequent to May 3, 1952, for various purposes. On October 14, 1952, the court gave its preliminary instructions to the jury pursuant to Rule 1-7A, wherein the court told the jury in the presence of the appellant and his two attorneys that the defendant was charged with robbery and with armed robbery, and the two counts of the affidavit were read. The applicable portions of the statutes defining those offenses were read, including the penalties that might be imposed on a conviction of those charges.

Although the appellant now represents that the first knowledge he had of the filing of the second count came during the opening statements to the jury which were made the following day, it is apparent that he and his attorneys must have learned and known thereof when the preliminary instructions were given, but no objection to the filing thereof was then or ever made, and the trial proceeded without objection.

It is well settled that if a party has knowledge of a matter which will frustrate the trial in the end, he must avail himself of the earliest opportunity to arrest the proceeding or he will be deemed to have waived his right to object when the end is reached. He will not be permitted to go on without objection, taking his chances of ultimate success, and afterwards go back and impeach the trial in case he is disappointed at the result. *Miller, Jr.* v. *State* (1953), 232 Ind. 578, 115 N. E. 2d 120, and authorities cited. We adhere to the belief that, no objection to the amendment of the affidavit having been made in the trial court, no question with regard thereto is presented.

Other allegations, assertions and accusations in appellant's petition for rehearing, which was filed *pro se,* are not considered to be appropriate to a petition for rehearing and they are therefore not discussed.

Petition for rehearing denied.
Gilkison, J., not participating.
NOTE.—Reported in 115 N. E. 2d 122.
Rehearing denied, 116 N. E. 2d 631.