Myron Dean JOHNSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–9112–CR–435 [1].

Court of Appeals of Indiana,
Fourth District.

June 8, 1992.

Charles E. Stewart, Appellate Public Defender, Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Myron Dean Johnson (Johnson) appeals his conviction for

1. This case was transferred by order of the   Chief Judge.

theft, a class D felony.[2] He is currently serving a three year sentence.

Johnson presents one issue for review:

whether sufficient evidence was presented to support his conviction.

We affirm.

Gladys DeGraffenreed (DeGraffenreed), a seventy-two year old resident of Gary, Indiana, desired to have her daughter, Gilda, released from prison. Gilda has been incarcerated since 1979 for a double murder.

Johnson told DeGraffenreed he would secure the release of her daughter from prison for $3,000, $1,500 in advance for expenses. Johnson told DeGraffenreed if he could not gain Gilda's release within two weeks he would return the $1,500.

Later in the day DeGraffenreed gave the money to Johnson, and he rented a car purportedly to drive to Indianapolis to obtain Gilda's release. Gilda's son went with Johnson to rent the car but Johnson then dropped him off at DeGraffenreed's home, telling him he would return to pick him up for the trip. Johnson failed to return. (R. 195–199). About one week after DeGraffenreed paid Johnson, he showed her a letter purportedly from the Salvation Army stating it would employ Gilda when she was released.

That same week, Johnson claimed to have spoken with the mothers of the murder victims. A week later, Johnson arranged a meeting between Charles Donaldson (Donaldson) and DeGraffenreed. Donaldson told her he was a precinct committeeman and would be assisting Johnson with the clemency petition for her daughter's release from prison. Johnson also recommended the name of an attorney DeGraffenreed should contact to handle the legal aspects of the clemency petition. DeGraffenreed did so.

Johnson failed to contact DeGraffenreed for the next five weeks. She then demanded the return of her initial $1,500, but Johnson did not return it. In April of 1990, DeGraffenreed filed a theft complaint with the police. From his conviction for theft, Johnson appeals.

■ Johnson argues the evidence is insufficient to support the conviction. In reviewing the sufficiency of the evidence we neither weigh the evidence nor judge the credibility of the witnesses. We look only to the evidence and all reasonable inferences which support the finding. If we find substantial evidence of probative value from which the fact finder could conclude guilt beyond a reasonable doubt, we must affirm. *Coburn v. State* (1984), Ind. App., 461 N.E.2d 1154, 1156.

Johnson initially argues he made no misrepresentation of either a present or past fact and, thus, is not guilty of theft under IC 35–43–4–1(b)(4). That subsection says control of another's property is "unauthorized" if exerted "by creating or confirming a false impression in the other person[.]" However, under IC 35–43–4–1(b)(6), control is "unauthorized" when one promises "performance that the person knows will not be performed." That subsection of 4–1(b) is the one involved in this appeal.

■ Proof of unauthorized control under 4–1(b)(6) does not require further proof under 4–1(b)(4). *Kollar v. State* (1990), Ind.App., 556 N.E.2d 936, 939. When proof is made under one of 4–1(b)'s subparagraphs, the others are mere surplusage. No further proof is required. *Kollar*, 556 N.E.2d at 939.

■ Intent may be proved by circumstantial evidence. *Miller v. State,* Ind.App. (1989) 535 N.E.2d 170, 172. On appeal, we do not reweigh the evidence. The facts and circumstances here clearly support a reasonable inference Johnson possessed the necessary intent at the time he received the $1,500 initial payment from DeGraffenreed.

**2.** Under IND.CODE 35–43–4–2 (Burns Code Ed., 1986), a "person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony." A person's control is unauthorized if it is exerted by "creating or confirming a false impression in the other person." IC 35–43–4–1(b) (Burns Code Ed., 1986) *quoted in, Coburn v. State* (1984), Ind.App., 461 N.E.2d 1154, 1155, n. 1.

Johnson testified he knew clemency for Gilda could not be granted in only two weeks. (R. 284–285). Further, although Johnson claims he never told DeGraffenreed she would get her money back if he could not secure Gilda's release within that time, DeGraffenreed testified at the time she gave Johnson the money, he promised to return her down-payment if he failed to perform his promise within two weeks. (R. 33–34). Further, DeGraffenreed's grandson testified to the same facts. (R. 130). Next, her grandson testified Johnson left him waiting at his grandmother's house to be picked up for a trip to Indianapolis to get his mother out of jail, but never returned. (R. 140). Finally, the letter Johnson gave to DeGraffenreed, allegedly from the Salvation Army with no letterhead and on plain paper, could not be verified. The jury could and did reasonably find from this evidence Johnson knew he could not perform as promised at the time he took DeGraffenreed's money.

■ We also find sufficient evidence of "unauthorized control" of DeGraffenreed's money pursuant to IC 35–43–4–1(b)(2). Clearly, the control Johnson exercised over the $1,500 was unauthorized after the two weeks agreed upon had passed. *Miller, supra,* at 171.

Affirmed.

MILLER and SHIELDS, JJ., concur.