**Diane COSTELLO a/k/a Sister Berry,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A03–9406–CR–234.

Court of Appeals of Indiana,
Third District.

Dec. 6, 1994.

Stephen R. Bowers, Elkhart, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

A jury found Diane Costello a/k/a Sister Berry ("Costello") guilty of three counts of theft, a class D felony[1]. In her appeal, Costello raises two issues for our review which we restate as follows:

I. Whether the trial court's failure to conduct an arraignment prior to Costello's trial constituted fundamental error.

II. Whether her jury conviction was supported by sufficient evidence.

1.  IND.CODE 35–43–4–2 (1993).

We affirm.

The facts most favorable to the State reveal that Melba Stoll ("Stoll") met with Costello on several occasions during which Costello used her alleged special powers and performed certain rituals in order to purportedly cure the illness of Stoll's husband. Prior to each meeting, Costello instructed Stoll to bring large quantities of money. As a result, Costello obtained $16,700 from Stoll.

## I.

### Fundamental Error

Costello contends that the trial court committed fundamental error when it failed to conduct an arraignment on the theft charges prior to trial as required by I.C. 35–33–7–5.

■ Fundamental error is error that if not corrected would deny the defendant due process. *Ward v. State* (1988), Ind., 519 N.E.2d 561, 562. This court will review an issue not properly raised and preserved only when a blatant violation of basic principles has occurred, and the harm or potential for harm cannot be denied. *Id.*

■ An arraignment is a procedure of bringing the accused before the court, notifying him, usually by reading the information or indictment, of the charges against him and asking for his plea. *Rodgers v. State* (1981), 275 Ind. 102, 415 N.E.2d 57, 58. An arraignment or initial hearing is required by I.C. 35–33–7–5.[2]

■ The failure of the record to show either an arraignment or plea, or both, will not invalidate a conviction unless the record shows the defendant objected, before the trial commenced, to the lack of arraignment or plea. *Blanton v. State* (1953) 233 Ind. 51, 54, 115 N.E.2d 122, 123, *reh. denied,* 233 Ind. 51, 116 N.E.2d 631.

In *Heartfield v. State* (1984), Ind., 459 N.E.2d 33, 36, our Supreme Court noted that where a defendant has been afforded a trial without the entry of a plea "it is difficult to comprehend how he may have been harmed by the failure to obtain a plea."[3]

■ Costello was originally charged and arraigned on three counts of Practicing Medicine Without a License[4]. She was subsequently charged with three counts of theft. Costello asserts she should have been rearraigned and allowed to enter a plea upon the imposition of the theft charge in accordance with I.C. 35–33–7–5. Costello concedes that she failed to make objection to the absence of an arraignment on the theft charges prior to her trial but contends that the trial court's failure constituted fundamental error.

Fundamental error requires reversal only when a blatant violation of basic principles has occurred. *Ward, supra,* at 562. I.C. 35–

---

2. I.C. 35–33–7–5 provides:
   At the initial hearing of a person, the judicial officer shall inform him orally or in writing:
   (1) that he has a right to retain counsel;
   (2) that he has a right to assigned counsel at no expense to him if he is indigent;
   (3) that he has a right to a speedy trial;
   (4) of the amount and conditions of bail;
   (5) of his privilege against self-incrimination;
   (6) of the nature of the charge against him; and
   (7) that a preliminary plea of not guilty is being entered for him and the preliminary plea of not guilty will become a formal plea of not guilty ... unless the defendant enters a different plea.
   In addition, the judge shall direct the prosecuting attorney to give the defendant or his attorney a copy of any formal felony charges filed or ready to be filed.

3. This court has historically followed the principle that an arraignment or reading of the charges, may be waived. *Heartfield, supra,* at 36;

*Rogers v. State* (1981), Ind., 415 N.E.2d 57; *Andrews v. State* (1925), 196 Ind. 12, 146 N.E. 817.

In analyzing this rule under I.C. 35–4.1–1–1 (now since repealed) and the current statute, I.C. 35–33–7–5, this court explained:
   This principle [has been] solidly embraced by the case law [and] we feel justified in continuing said practice with the new statute. This is not to say that rights contained in I.C. 35–33–7–5 cannot be ignored, but the vindication of these rights and privileges is attained on individual basis, when and if any are sundered. What we *are* saying is that the mere failure to *read* those rights prior to trial (as opposed to a guilty plea) is waivable error when a defendant does not bring the problem to the court's attention before proceeding to trial.
*Hudson v. State* (1984), Ind.App., 462 N.E.2d 1077, 1080 (emphasis in original).

4. I.C. 25–22.5–8–1 (1993).

33–7–5 indicates that a plea of not guilty will be automatically entered for a defendant unless the defendant enters a different plea. Costello offered no objection to this plea prior to her trial. Costello was then afforded a trial by jury on the theft charge. As such, we cannot conclude that the trial court's failure to conduct a rearraignment so prejudiced her as to warrant reversal. *Heartfield, supra,* at 36; *Blanton, supra* 115 N.E.2d at 123.

## II.

### Sufficiency of the Evidence

Costello asserts that her conviction was unsupported by the evidence because the State failed to prove beyond a reasonable doubt that Costello exerted unauthorized control over Stoll's money as required by I.C. 35–43–4–2.

Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value commits theft. I.C. 35–43–4–2(a). A person's control over property of another person is "unauthorized" if it is exerted: by creating or confirming a false impression in the other person or by promising performance that the person knows will not be performed. I.C. 35–43–4–1(b)(4) and (6).

Costello contends that the evidence did not support a finding that she exerted unauthorized control over Stoll's money. Costello

purports that the representations she made to Stoll at the time the money was received were not false.[5]

The record, however, reflects otherwise. During the trial, Stoll testified that Costello persuaded her to turn over the money because the money was a part of a ritual which would cure her husband. Moreover, Stoll stated that Costello informed her that all of the money would be returned "when the devil was off [it]." Record, p. 211. Stoll further testified that after her final meeting with Costello, she made repeated requests for the return of the money which Costello ignored.

Our examination of the record reveals that the State did bring forth sufficient evidence from which the jury could reasonably conclude that Costello exerted unauthorized control over the money as set forth in I.C. 35–43–1(b)(6) when Costello acquired Stoll's money with the promise that it would be returned but had no intention of returning the money. See *Johnson v. State* (1992), Ind.App., 593 N.E.2d 208.

Moreover, a jury could reasonably conclude from Stoll's testimony that Costello exerted unauthorized control over Stoll's money by creating a false impression that the money would cure her husband's illness as set forth in I.C. 35–43–4–1(b)(4).[6] We therefore conclude that there was sufficient evidence to support her conviction for theft.

Affirmed.

GARRARD and RUCKER, JJ., concur.

---

5. We recognize that a misrepresentation as to future acts or events, or promissory in character, will not support a conviction for theft. *Coburn v. State* (1984), Ind.App., 461 N.E.2d 1154, 1156.

6. The State was not required to prove unauthorized control under both I.C. 35–43–4–1(b)(4)

and I.C. 35–43–4–1(b)(6). When proof is made under one of the subparagraphs of I.C. 35–43–4–1(b), proof under the others is mere surplusage. *Johnson v. State* (1992), Ind.App., 593 N.E.2d 208, 209. However, we note that there was substantial evidence of probative value to support the conviction under either subparagraph.