THE PEOPLE *ex rel.* William Graver

*v.*

THE CIRCUIT COURT OF COOK COUNTY *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 14, 1898.*

1. WRIT OF PROHIBITION—*writ is used to prevent inferior tribunal from exceeding its jurisdiction.* A writ of prohibition is an extraordinary writ issuing out of a court of superior jurisdiction to prevent an inferior court from usurping jurisdiction of a matter with which it is not legally vested, and is used to keep inferior courts within the limits prescribed by law.

2. SAME—*writ of prohibition cannot take the place of writ of error or certiorari.* A writ of prohibition does not lie to bring before the higher tribunal matters which may properly be brought before it by a writ of error or *certiorari*, and cannot be used to correct errors of inferior tribunals in matters whereof they have jurisdiction.

3. SAME—*when writ of prohibition will not lie.* Where, after suing in assumpsit, the plaintiff files a count in trover which is voluntarily withdrawn at trial and the jury discharged, a writ of prohibition will not lie to prevent the court from setting the case for trial at a subsequent term on the assumpsit counts alone, as the court is not without jurisdiction to proceed.

4. SAME—*Supreme Court's jurisdiction to issue writ of prohibition.* The Supreme Court has no power, under the constitution, to issue a writ of prohibition except in aid of its acquired appellate jurisdiction. (*People* v. *Circuit Court of Cook County,* 169 Ill. 201, followed.)

ORIGINAL petition for writ of prohibition.

ROBERT RAE, for petitioner:

The writ of prohibition is a prerogative writ, and one of right at common law. *In re Chetwood's Petition,* 165 U. S. 461; *Peak* v. *People,* 76 Ill. 289; *Arnold* v. *Shields,* 5 Dana, 18; *Thomas* v. *Mead,* 36 Mo. 232; *People* v. *Works,* 7 Wend. 486; *Thompson* v. *Tracy,* 60 N. Y. 31; *Rickey* v. *Superior Court,* 59 Cal. 661.

The fact that an appeal will also lie in cases where the court is acting without jurisdiction will not prevent a writ of prohibition from issuing, because its office is to prohibit the offending court from proceeding to final judgment. The writ of prohibition is to arrest the ac-

tion of the court, so as to prevent a final judgment from being rendered in a case where the record shows a total absence of jurisdiction. *Burder* v. *Velsy*, 12 A. & E. 233; *Gould* v. *Gapper*, 5 East, 345; *Railroad Co.* v. *County Comrs.* 10 Cush. 12; *Railroad Co.* v. *County Comrs.* 127 Mass. 50.

WILLARD GENTLEMAN, (JAMES E. PURNELL, of counsel,) for respondents:

The object of a writ of prohibition is to prevent a court of peculiar, limited or improper jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance. It can only be issued to restrain the exercise of judicial functions. *Smith* v. *Whitney*, 116 U. S. 176.

A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction. It cannot be made to serve the purpose of a writ of error or *certiorari*. *Smith* v. *Whitney*, 116 U. S. 176; *United States* v. *Peters*, 3 Dall. 121; *Ex parte Euston*, 95 U. S. 68; *Ex parte Gordon*, 106 id. 515; *Ex parte Ferryleo*, 104 id. 519; *Ex parte Pennsylvania*, 109 id. 174.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is an original action in this court, wherein the relator represents that at the October term, 1890, of the circuit court of Cook county, Alexander Nimmick and James M. Bailey, trading under the firm name of Phillips, Nimmick & Co., citizens of the city of Pittsburg, commenced a suit in assumpsit against the relator, claiming damages in the sum of $30,000, and at the same time filed a declaration comprising the common counts only, to which the defendant pleaded the general issue and set-off. Afterwards, and on the 6th day of October, 1891, by leave of the court, the plaintiffs amended their declaration by adding additional counts upon certain promissory notes therein described, to which the defendant filed the plea of general issue and pleas of set-off. On the

10th day of July, 1895, by leave of the court, the plaintiffs filed an additional count instanter, which averred that the defendant became indebted to the plaintiffs in the sum of $30,000, and made an accounting, and did then and there adjust, agree upon and declare the amount due from the defendant to the plaintiffs, and did set aside certain accounts and moneys to pay the said indebtedness, which accounts and moneys were then and there accepted by the plaintiffs, who thereby became lawfully possessed of the same in settlement of the said indebtedness, yet the defendant wrongfully and secretly did use and convert the same to his own use and profit and fraudulently appropriated said moneys to his own behoof, but has hitherto wholly neglected and refused to pay the same. The defendant appeared and filed his demurrer to the count last mentioned, which was overruled, and a rule was entered by the court against the defendant to plead 'to said count. Thereupon the defendant filed his plea of not guilty and the plea of the Statute of Limitations, to which replications were filed. On the 8th day of March, 1897, a jury was impaneled to try the issue then pending, and the plaintiffs voluntarily withdrew their last mentioned count and the court thereupon discharged the jury. Afterwards, Edmund W. Burke, one of the judges of the circuit court of Cook county, being about to set said cause for trial on the counts in assumpsit firstly and secondly filed, the relator filed a plea to the jurisdiction of the court, to which a demurrer was interposed and sustained, and the said cause was set for trial on the 18th day of July, 1897, which trial was to be on the counts firstly and secondly filed. This petition alleges that the court was without jurisdiction to set said cause for hearing on the counts in assumpsit filed as the common counts and as the special counts on the promissory notes, the relator's contention being that the count filed on the 10th day of July, 1895, was a count in trover, and when a jury was impaneled to try the cause,

and the plaintiffs voluntarily dismissed as to that count and did not ask leave to file any other, the whole case was out of court; and by filing the count in trover it was a declaration of record that the plaintiffs intended to bring an action of tort, and not of assumpsit, and the filing of such count was a waiver of the counts in assumpsit which discontinued them, and by the voluntary dismissal of the count alleged to be a count in trover there was no cause pending to set for trial and the court was without jurisdiction to set said cause for trial.   By this proceeding relator asks for a writ of prohibition to prohibit the circuit court of Cook county, and Edmund W. Burke, judge, from taking jurisdiction of said cause on the common counts in assumpsit and the counts on the promissory notes.

The writ of prohibition is an extraordinary writ issuing out of a court of superior jurisdiction and directed to an inferior court for the purpose of preventing the latter tribunal from usurping jurisdiction of a matter with which it is not legally vested, and is used to keep inferior courts within limits and bounds prescribed by law.   The writ issues upon the ground that it is the remedy provided to prevent an excess of jurisdiction, and this writ cannot take the place of a writ of error, which proceeds upon the ground of error in the exercise of jurisdiction.   A writ of prohibition cannot be permitted to bring before the court what may properly be brought before a higher tribunal by a writ of error or *certiorari*, and can never be used as a process for the correction of errors in inferior tribunals where such tribunals have jurisdiction of the subject matter.   Mere irregularities in the proceedings of inferior courts, or mistaken rulings on questions before such courts on matters within their jurisdiction, do not constitute a sufficient ground for granting the writ of prohibition, since such act would be the exercise of appellate power, which can only properly be adjudicated or determined on appeal or writ of error, and in some cases

by *certiorari.* Wherever an inferior court has jurisdiction of a matter in controversy it is not within the province of a superior court to interfere, by prohibition, to correct errors or mistakes, but a party aggrieved must be left to pursue the ordinary remedies for the correction of errors. In the application of this principle with reference to the writ of prohibition it cannot matter whether the judgment of the inferior tribunal was correct or erroneous, for if its jurisdiction exists, prohibition will not go to prevent an erroneous exercise of the jurisdiction or to prevent or correct a mistake in the action of the inferior tribunal. A very broad distinction exists between the control of the court within the bounds of its jurisdiction by this writ, and controlling its jurisdiction of a subject matter over which it has a right to proceed. The latter case is not within the bounds of the proper exercise of a writ of prohibition.

In this case a suit was brought in the circuit court of Cook county—a court of general jurisdiction—on a subject matter of which that court had jurisdiction. The contention of the relator is, that the count filed on the 10th day of June, 1895, was a count in trover and a waiver of the counts in assumpsit, and amounted to a discontinuance of the counts in assumpsit, and, upon its dismissal, no application being made to file additional counts, the court lost jurisdiction of the subject matter, and when the cause was proposed to be set down for hearing and a plea to the jurisdiction was filed, the court was usurping power in sustaining a demurrer to the plea. If the contention of the relator that the count filed on the 10th day of June was a count in trover, and that such count was a discontinuance of the other counts, were admitted, (which we do not hold to be true,) still the entire subject matter was within the jurisdiction and control of the circuit court of Cook county, and the most that could be claimed is, that there was an erroneous exercise of judgment and that a mistake was made. The writ of prohibi-

tion never was designed for the correction of such errors. Aside from all this, under the constitution of this State this court has no jurisdiction in prohibition except in aid of its jurisdiction on appeal or writ of error. *People ex rel.* v. *Circuit Court of Cook County,* 169 Ill. 201.

The writ is denied.

*Writ denied.*