The People of the State of Illinois ex rel. Tony Blasi and Hector Durante, Appellees, v. James H. Burdett, Appellant.

## Gen. No. 20,296.

1.  PROHIBITION, § 1*—*when writ will lie.*  To warrant the issue of a writ of prohibition against official action, the action sought to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

be restrained must be judicial in character and must be one not in the jurisdiction of the tribunal or officer in question.

2. CIVIL SERVICE, § 10*—*when hearing of charges not judicial function.* The hearing of charges against officers in classified civil service under the authority granted by section 12 of the State Civil Service Act (J. & A. ¶ 10638) is not the exercise of a judicial function.

3. PROHIBITION, § 2*—*when issue against member of State Civil Service Commission unauthorized.* The issue of a writ of prohibition prohibiting a member of the State Civil Service Commission from hearing charges against the relators, officers in the classified civil service, in the manner provided by section 12 of the State Civil Service Act (J. & A. ¶ 10638) is unauthorized.

4. PROHIBITION, § 2*—*when writ will not lie.* A writ of prohibition does not lie to bring before the higher tribunal matters which may properly be brought before it by writ of error or certiorari, nor to correct errors of inferior tribunals whereof they have jurisdiction.

5. CIVIL SERVICE, § 26*—*when proceedings of State Civil Service Commission reviewable by certiorari.* A writ of certiorari will lie to review the proceedings of the State Civil Service Commission, held under section 12 of the State Civil Service Act (J. & A. ¶ 10638), discharging officers in the classified civil service.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1914. Reversed. Opinion filed November 1, 1915.

WILLIAM B. MOULTON and JOHN J. POULTON, for appellant.

ADOLPH MARKS, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The relators, employees of the State Civil Service Commission of Illinois, filed in the Circuit Court their petition praying that a writ of prohibition issue prohibiting James H. Burdett, a member of such commission and the president thereof, from taking any part in the hearing of the charges filed by Richard J. Knight against relators for the purpose of securing their discharge and removal from the classified civil service of the State. The defendant, appellant here,

demurred to the petition. The demurrer was over-ruled, and he electing to abide, the court gave judgment for the plaintiff and ordered that defendant be prohibited from enforcing any order, finding or decision and from entering on any hearing pertaining to any charges filed against the relators, and from counseling or advising with the other Civil Service Commissioners of the State pertaining to the charges against the relators. From this order the present appeal is prosecuted.

Section 12 of the State Civil Service Act (J. & A. ¶ 10638) provides that charges may be investigated by or before said Civil Service Commission or some officer or board appointed by said commission to conduct such investigation, and that "the finding and decision of such commission or such investigating officer or board, when approved by said commission, shall be certified to the appointing officer and shall be forthwith enforced by such officer." · The petition alleges that defendant Burdett intended to hear said charges, that he intended to disregard the rules of evidence, was prejudiced against relators, and that they could not have a fair and impartial trial before him, and that they were not guilty of said charges. There is in the petition no allegation that Burdett could discharge the relators nor that they were without other remedy or right of review of the matter complained of, or that Burdett was acting in a judicial capacity.

The functions whose exercise may be restrained by the writ of prohibition are judicial. Section 12 of the City Civil Service Act, Hurd's St. 1913, p. 401 (J. & A. ¶ 1811) is identical with section 12 of the State Civil Service Act, p. 491 (J. & A. ¶ 10636).

In *People ex rel. Miller v. City of Chicago,* 234 Ill. 416, it was held that section 12 of the City Civil Service Act providing that charges against officers in classified civil service shall be investigated "by the

Civil Service Commission or before some officer or board appointed by said commission," does not vest judicial power in the commission nor amount to a delegation of judicial power by the commission to the officer or board appointed, and it was said: "The removal of an officer is not the exercise of a judicial power, as there is no such thing as title or property in a public office. *Donahue v. County of Will,* 100 Ill. 94; *Stern v. People,* 102 id. 540." Not only must the actions sought to be restrained be the actions of a tribunal acting in a judicial capacity, but such actions or threatened actions sought to be restrained must be transactions not within the jurisdiction of the tribunal or officer in question. *People v. Cook County Circuit Court,* 173 Ill. 272. "An act is none the less ministerial because the person performing it may have to satisfy himself that a state of facts exists under which it is his right and duty to perform the act." *Flournoy v. City of Jeffersonville,* 17 Ind. 169.

The acts which Burdett was restrained from performing were ministerial and administrative, not judicial, and for that reason the writ of prohibition would not run against him. "A writ of prohibition can only be issued to restrain the exercise of judicial functions. * * * It cannot be made to serve the purpose of a writ of error or certiorari, to correct mistakes of an inferior court or tribunal in deciding any question of law or fact within its jurisdiction." *Smith v. Whitney,* 116 U. S. 167.

"The appropriate function of the remedy (by prohibition) is to restrain the exercise of unauthorized judicial or *quasi* judicial power, which is regarded as a contempt of the State or sovereign, and which may result in injury to the State or to its citizens. Three conditions are necessary to warrant the granting of the relief: First, that the court, officer or person against whom it is sought is about to exercise judicial or *quasi* judicial power; second, that the exercise of

such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists. And the remedy may be invoked against any body of persons or officers assuming to exercise judicial or *quasi* judicial powers, although not strictly or technically a court." *High on Extraordinary Remedies,* sec. 764a. A writ of prohibition does not lie to bring before the higher tribunal matters which may properly be brought before it by writ of error or certiorari, and cannot be used to correct errors of inferior tribunals whereof they have jurisdiction. *People v. Cook County Circuit Court,* 173 Ill. 272. The petitioners had the right of review by writ of certiorari, resorted to in this State in these proceedings. *People v. Lindblom,* 182 Ill. 241; *Joyce v. City of Chicago,* 216 Ill. 466; *Powell v. Bullis,* 221 Ill. 380.

In view of the authorities cited it is, we think, a fatal objection to the relators' right to the writ, that they had, in the event they were discharged, the right of review of the proceedings of the State Civil Service Commission by certiorari.

In our opinion, the facts stated in the petition are insufficient to authorize the issuing of the writ of prohibition, and the court erred in overruling defendant's demurrer to the petition and in ordering that the writ issue.

The judgment of the Circuit Court is reversed.

*Reversed.*