62 Ill.2d 210 (1976)
342 N.E.2d 53
PEOPLE ex rel. OAK SUPPLY & FURNITURE COMPANY, Appellee,
v.
DEPARTMENT OF REVENUE, et al., Appellants.
No. 47195.
Supreme Court of Illinois.
Opinion filed January 20, 1976.
*211 William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Stephen R. Swofford, and Robert G. Epsteen, Assistant Attorneys General, of counsel), for appellants.
Edward A. Berman and Lewis W. Schlifkin, of Chicago (Schlifkin and Berman, of counsel), for appellee.
Reversed and remanded.
MR. JUSTICE SCHAEFER delivered the opinion of the court:
This case calls for analysis of the subpoena power of the Illinois Department of Revenue in connection with tax deficiency hearings under the Retailers' Occupation Tax *212 Act (Ill. Rev. Stat. 1973, ch. 120, par. 440 et seq.). The statutory provisions primarily involved are sections 9, 10 and 13 of the Act. Section 9 provides in substance that no person is excused from testifying or producing any books or records on the ground that the testimony or documentary evidence may tend to incriminate him, "but no person shall be prosecuted or subjected to any criminal penalty for, or on account of, any transaction made or thing concerning which he may testify or produce evidence * * * before the department or an officer or employee thereof; * * *." (Ill. Rev. Stat. 1973, ch. 120, par. 448.) Section 10 provides that the Department or any officer or employee designated in writing by the Director, "shall at its or his own instance, or on the written request of any other party to the proceeding, issue subpoenas requiring the attendance of and the giving of testimony by witnesses, and subpoenas duces tecum requiring the production of books, papers, records or memoranda." (Ill. Rev. Stat. 1973, ch. 120, par. 449.) Section 13, summarized, makes the failure to file a return, or the filing of a false return by any person, or any officer or agent of a corporation, a class B misdemeanor. Ill. Rev. Stat. 1973, ch. 120, par. 452.
On June 28, 1972, the plaintiff, Oak Supply & Furniture Company, was issued a "Notice of Tax Liability" by the defendant, the Department of Revenue. The plaintiff contested its tax liability, and an administrative hearing before a departmental referee was scheduled. Prior to the hearing, the plaintiff's attorney requested that subpoenas be issued to the plaintiff's president and its office manager, requiring them to appear at the hearing and bring with them specified business records of the corporation. The Department did not need the requested records or the testimony of these witnesses, and did not intend to issue subpoenas for them. The referee refused to issue the subpoenas unless the plaintiff explained why it could not voluntarily produce its own employees and records. The plaintiff was told that the refusal to issue the *213 subpoenas was motivated by concern that issuance of subpoenas to the president and the office manager might frustrate criminal prosecutions then pending against them for preparing and filing fraudulent retailers' occupation tax returns. Ill. Rev. Stat. 1973, ch. 120, par. 452.
The plaintiff then filed this mandamus action in the circuit court of Cook County to compel the issuance of the subpoenas. The Department's answer contained an affirmative defense which alleged that one of the persons sought to be subpoenaed, Lennard Jelinek, is the president of the plaintiff corporation, and the other, Sheldon Copeland, is an employee; that criminal charges have been filed against the plaintiff corporation, Jelinek and Copeland, charging them with preparing, signing and filing false returns; that the plaintiff may produce voluntarily any evidence that it sees fit to overcome the prima facie case of the Department, and that absent a showing of good cause why its books and records can not be produced, the defendant refuses to issue the requested subpoenas. The plaintiff's motion to strike the affirmative defense was allowed. The Department appealed, and the Appellate Court, First District, affirmed, holding that "section 10 * * * compels the Department of Revenue to issue subpoenas upon the written request of any party to its proceedings, notwithstanding that certain culpable individuals may escape criminal liability due to the operation of section 9." (23 Ill. App.3d 1067, 1071 (1974).) We granted leave to appeal.
The appellate court acknowledged that its interpretation of the statute "can bring about bizarre results that may subvert the expected course of criminal prosecution of those persons accused of filing fraudulent Retailers' Occupation Tax returns * * *." It felt compelled, however, to sanction that bizarre result because section 10 states that the Department "shall" issue subpoenas. It determined "that the use of `shall' was intended by the legislature to make the issuance of subpoenas by the *214 Department of Revenue mandatory because the language in the statute is certain, unambiguous, and capable of no other reasonable interpretation." 23 Ill. App.3d at 1071-72.
The word "shall" is hardly unambiguous, for it applies to the Department as well as to the taxpayer and it is an obvious misfit when read as a command directed to the Department: "The Department * * * shall at its * * * own instance * * * issue subpoenas * * *." It seems clear enough that with respect to subpoenas issued at the instance of the Department, the word "shall" is to be read as permissive  "shall have the power to" or "may." This thought is explicitly expressed in other statutes. (See, e.g., section 24-12 of the School Code: "The board may issue subpoenas, requiring the attendance of witnesses at any hearing and, at the request of the teacher against whom a charge is made, shall issue such subpoenas * * *." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 122, par. 24-12.)) In our opinion this is the meaning of the word "shall" in the statute before us.
This interpretation of the statute, however, does not dispose of the case. There remains for consideration the question whether the words "shall * * * issue subpoenas" were intended to mean that a taxpayer has an absolute right to require the Department to issue a subpoena requiring the attendance and testimony of a witness no matter how absurd the consequences. In other words, does the taxpayer, at a deficiency hearing before the Department of Revenue, have unlimited power to acquire or confer immunity from criminal prosecution simply by demanding that the Department issue a subpoena.
The plaintiff contends that "* * * the civil proceeding and section 449 has nothing to do with section 452." We can not accept that contention, for it is axiomatic that statutes are to be construed as a whole. Legislative intent is not to be ascertained by a myopic concentration upon a single word or a single section, and, as we said in Illinois *215 Crime Investigating Com. v. Buccieri (1967), 36 Ill.2d 556, 561, "* * * it will be presumed the legislature did not intend absurdity, inconvenience or injustice."
Looking then to the entire statute, we think that the General Assembly could not have intended that an individual taxpayer, for example, whose tax return was under scrutiny, could obtain immunity from the criminal prosecution provided in section 13 simply by demanding that he be subpoenaed to attend a hearing before the Department. The situation differs in degree, but not kind, when we consider the case of a corporation, partnership, business trust or other entity. The immunity referred to in section 9 of the statute was intended to assist rather than to frustrate the operation of the statute.
While it is an administrative subpoena with which we deal, it is the judiciary which is ultimately responsible for its enforcement. (Ill. Rev. Stat. 1973, ch. 120, par. 449.) As we stated in Austin Liquor Mart, Inc. v. Department of Revenue (1972), 51 Ill.2d 1, 6-7:
"* * * Even in areas where the need is as compelling as is the necessity for public revenue the court may inquire as to the reasons underlying the request for examination and issuance of the subpoena. The language of the Supreme Court in United States v. Powell, 379 U.S. 48, 58, 13 L.Ed.2d 112, 120, 85 S.Ct. 248, 255, is appropriate here: `It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.' In such hearing we believe, as the Supreme Court stated in Powell, that the burden is upon the taxpayer to show an *216 abuse of the court's process."
In the Austin Liquor case it was the taxpayer who claimed that the issuance of the subpoena was an abuse of process. Here the Department claims that issuance of the subpoena would be an abuse of process. Those differences are not significant, and we conclude that the trial court was authorized to determine whether or not a sufficient showing had been made to require the Department to issue the subpoenas.
The facts alleged in the affirmative defense advanced by the Department, which were admitted by the plaintiff's motion to strike, describe a clear case of potential abuse of process. The burden then shifted to the plaintiff to show that the subpoenas were being sought on good grounds and for a proper purpose, and the trial court erred in sustaining the motion to strike the affirmative defense.
The judgments of the circuit and appellate courts are therefore reversed, and the cause is remanded to the circuit court of Cook County for further proceedings not inconsistent with this opinion.
Reversed and remanded.
MR. JUSTICE CREBS took no part in the consideration or decision of this case.