THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LOUIS H. BELLER, Defendant-Appellee.

First District (2nd Division)   Nos. 62896-62898 cons.

Opinion filed June 28, 1977.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Michael J. Murphy, and Donald Hubert, Assistant Attorneys General, of counsel), for the People.

Warren Lupel and Jo Ann Nieman, both of Chicago (Lupel and Amari, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Louis H. Beller, defendant, was charged by three criminal complaints with fraudulently executing and filing, as secretary and officer of the Shooter Sales Co., tax returns for the months of October, November, and December 1972 (Ill. Rev. Stat. 1971, ch. 120, par. 452). The complaints

were dismissed on defendant's pretrial motion, and the State appeals. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) The State contends that the trial court improperly dismissed the charges against defendant on the basis of statutory immunity (Ill. Rev. Stat. 1973, ch. 120, par. 448), since defendant did not testify or produce company documents at the administrative hearing pursuant to a subpoena.

The record indicates that the three complaints were executed and filed on May 28, 1974. Sometime subsequent to June 27, 1974, defendant filed a motion to dismiss him as a defendant in the criminal matter on the ground that he had theretofore testified and produced company documents at an administrative hearing to determine civil tax liability; that matters contained in such documents could incriminate him personally; and that he was therefore immune from criminal prosecution pursuant to section 9 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par 448). The motion alleged that defendant "was caused" to produce various company documents pursuant to section 7 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 446); that he was thereafter "given notice to appear" in an administrative hearing of the Illinois Department of Revenue and "to again produce" all corporate documents; and that "pursuant to that notice and demand" and pursuant to section 8 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 447), he did appear, testify, and produce the documents "as requested." The motion alleged that the documents were produced "in obedience to the demands of the" Department of Revenue; that the immunity provision of section 9 of the Act applied to the instant criminal complaints; and that the complaints must therefore be dismissed.

At the hearing on the motion to dismiss, defendant argued that the State could not demand production of records without a subpoena and later say that a subpoena will not be issued for such documents because such issuance would confer immunity from criminal prosecution. The State argued that an individual must produce documents under oath and pursuant to a subpoena in order for the immunity provision to take effect. The trial court held that the statute was clear in providing immunity for persons who testify or produce documents under oath in obedience to a subpoena and dismissed the charges against defendant. The State advised the court that defendant did not produce the documents in obedience in a subpoena, but the court replied that defendant did, however, testify under oath at the administrative hearing.

I.

We note that, apart from the allegations in the motion to dismiss and the statements of counsel at the hearing on that motion, the record on appeal is devoid of evidence as to the nature of the notices pursuant to which

defendant appeared at the administrative hearing. Nor does the record contain a transcript of the administrative hearing.

Section 7 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 446) requires that a person subject to the provisions of the Act maintain books and records accessible during business hours to inspection by the Department of Revenue. Section 8 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 447) provides that the Department of Revenue may conduct investigations and hold hearings concerning matters governed by the Act, and empowers the Department to examine documents, require attendance of persons, and take testimony. Section 9 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 448) provides that no one shall be excused from testifying or producing documents "when ordered to do so" by the Department, but that no natural person who so testifies or produces documents, *under oath and pursuant to subpoena,* shall be liable to criminal prosecution concerning matters about which he was ordered to testify or produce documents. And section 10 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 449) relates to the power of the Illinois Department of Revenue to issue subpoenas.

■■ A reading of defendant's brief on this appeal suggests that no subpoena was issued by the Department of Revenue compelling his testimony or the production of company documents at the administrative hearing. The instant record also fails to demonstrate that defendant was compelled to testify or to produce the company documents, as is clearly required by the terms of section 9 of the Act in order for its immunity provision to be applicable. (See, *e.g., People v. Finkelstein* (1st Dist. 1939), 299 Ill. App. 363, 20 N.E.2d 290, *rev'd on other grounds* (1939), 372 Ill. 186, 23 N.E.2d 34.) Contrary to defendant's position on appeal, and at the hearing on the motion to dismiss, section 8 of the Act does not "force" a person to testify or produce documents. That section simply gives the power to the Department of Revenue to conduct investigations and hearings and to examine documents, require attendance, and take testimony, and would not preclude the Department from simply requesting, rather than demanding, attendance and document production, without resort to issuance of a subpoena. The Department of Revenue may not need the person's testimony or the production of documents in order to proceed with its investigation, and the Department is thus not required to issue subpoenas for such matters. See *People ex rel. Oak Supply & Furniture Co. v. Department of Revenue* (1976), 62 Ill. 2d 210, 342 N.E.2d 53.

■■ Apart from defendant's assertions that he was "required" to produce the company's documents and that such documents were produced "in obedience to" the Department's "demands," the record fails

to disclose that defendant was compelled to produce such matters at the administrative hearing. Significantly, when the trial court was advised by the State that the documents were not produced pursuant to a subpoena, the court commented that defendant nonetheless testified at the administrative hearing under oath. As we have noted, the plain language of the statute requires the production of documents under compulsion of a subpoena in order for its immunity provision to become effective. The fact that defendant may have testified at the administrative hearing under oath does not mean that he necessarily did so involuntarily. There is no need for judicial interpretation of the plain language of the statute; any correction or modification in the statutory language must come from the legislature. (See, *e.g., People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835.) The trial court was in error in dismissing the criminal complaints against defendant on the basis of the immunity provided by section 9 of the Act, absent evidence that he was compelled to testify or produce documents by a subpoena.

For the foregoing reasons the order of the circuit court of Cook County dismissing the criminal complaints is reversed and the cause is remanded for further proceedings.

Order reversed; cause remanded.

STAMOS and PERLIN, JJ., concur.