THE PEOPLE *ex rel.* #3 J. & E. DISCOUNT, INC., *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* ROBERT M. WHITLER, Acting Director, Department of Revenue *et al.*, Respondents-Appellants and Cross-Appellees.

First District (2nd Division)    No. 78-620

Opinion filed October 9, 1979.

William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, Assistant Attorney General, of counsel), for appellants.

Richard B. Caifano and Martin E. Litwin, both of Chicago, for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Respondents, Robert M. Whitler, Acting Director of the Department of Revenue, and Norman L. Marcus, hearings referee of the Department of Revenue, appeal from an order of the circuit court of Cook County issuing a writ of prohibition against respondents. The writ enjoined respondents from conducting an administrative hearing to determine whether certain packages of cigarettes, which were seized from plaintiffs pursuant to a search warrant, should be confiscated and forfeited to the State. Plaintiffs, #3 J. & E. Discount, Inc., and Victor Brown, filed a cross-appeal from the court's order which limited the scope of the writ of prohibition to the issues of confiscation and forfeiture and which did not enjoin the Department from conducting an administrative hearing to determine whether civil penalties other than confiscation and forfeiture should be imposed.

The issues presented for review are (1) whether, after certain packages of cigarettes are seized pursuant to a search warrant issued by the circuit court, the Department of Revenue must proceed in the circuit court rather than through the administrative process to determine whether such packages of cigarettes should be confiscated and forfeited; and (2) whether, after certain packages of cigarettes are seized pursuant to a search warrant, the Department of Revenue may impose penalties other than confiscation and forfeiture.

We reverse in part and affirm in part.

On December 22, 1976, a search warrant was issued by the circuit court of Cook County, pursuant to a complaint filed by two agents of the Illinois Department of Revenue. The warrant authorized a search of

plaintiffs' premises and seizure of all packages of cigarettes without valid Illinois cigarette tax stamps, all counterfeit cigarette tax stamps, and all records pertaining to the purchase and sale of cigarettes by plaintiffs. The search warrant was executed on December 23, 1976, by agents of the Illinois Department of Revenue (hereinafter "the Department") and the agents seized approximately 42,000 packages of cigarettes bearing allegedly counterfeit revenue stamps. Criminal charges were instituted against plaintiff Brown in the circuit court of Cook County. On March 10, 1977, plaintiffs were served with notice that on March 29, 1977, the Department was going to conduct a hearing pursuant to sections 18a and 18b of the Cigarette Tax Act (hereinafter the Act) to determine whether the packages of cigarettes that were seized should be declared confiscated and forfeited and whether a civil monetary penalty should be assessed by the Department. Ill. Rev. Stat. 1975, ch. 120, pars. 453.18a and 453.18b.

On March 21, 1977, plaintiffs filed a petition for a writ of prohibition requesting that the Department be enjoined from conducting any hearing relating to the packages of cigarettes that had been seized. Plaintiffs alleged that the Department had no jurisdiction to proceed under sections 18a and 18b of the Act because the packages of cigarettes had not been seized without a warrant under section 18 (Ill. Rev. Stat. 1975, ch. 120, par. 453.18). Plaintiffs further alleged that since the Department seized the cigarettes with a search warrant pursuant to section 20 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 453.20), only the circuit court had jurisdiction to determine whether the cigarettes should be confiscated and forfeited.

On March 21, 1977, the trial court issued ex parte a temporary writ ordering defendants to desist and refrain from any further proceedings until March 30, 1977.

On March 30, 1977, defendants filed a motion to quash the temporary writ of prohibition and to dismiss the petition, alleging that plaintiffs failed to allege the existence of an emergency or of irreparable damage which would justify issuance of the writ. Defendants further alleged that the Act vests the Department with jurisdiction to hold hearings to determine whether packages of cigarettes are properly tax stamped and that plaintiffs were not being denied due process because the Act provides for administrative review of decisions by the Department.

On May 3, 1977, the trial court denied defendants' motion to quash the temporary writ and to dismiss the petition. The court issued a peremptory writ of prohibition ordering defendants to desist and refrain from any further proceedings to determine whether the cigarettes in question should be confiscated and forfeited.

Defendants filed a notice of appeal from the order of May 3, 1977. Thereafter defendants filed a motion to dismiss the appeal and to remand

the cause to the circuit court because a *nolle prosequi* order had been entered in the criminal action against plaintiff Brown on April 14, 1977, prior to the issuance of the peremptory writ, but the circuit court was not informed of the order. Further, a motion to quash the search warrant which had been filed by Brown in the criminal action was never considered since the action was dismissed. On December 2, 1977, this court dismissed the appeal without prejudice and remanded the cause to the circuit court.

On January 3, 1978, defendants filed a motion to vacate the order of May 3, 1977, and to quash the writ of prohibition, alleging that since no criminal prosecution is pending, the issue of the search warrant is irrelevant and the Department should be allowed to proceed with the civil process and to impose civil penalties. Plaintiffs' answer to the motion alleged that section 20 of the Act contains a legislative mandate that when a search warrant is issued, the Department is bound to proceed civilly in the circuit court.

On January 11, 1978, the court denied defendants' motion to vacate the order of May 3, 1977, and to quash the writ of prohibition. The court's order stated that the writ was limited to prohibiting defendants from conducting an administrative hearing to determine whether the packages of cigarettes should be confiscated and forfeited.

Plaintiffs filed a motion for reconsideration requesting the court to prohibit any and all proceedings by defendants. On January 13, 1978, the trial court denied the motion for reconsideration. Defendants appeal from the order of May 3, 1977, issuing the writ of prohibition, and plaintiffs cross-appeal from the orders of January 11 and 13, 1978.

Defendants contend that the trial court erred in issuing the writ of prohibition because the Cigarette Tax Act grants the Department authority to hold hearings whenever packages of cigarettes are alleged to be without valid revenue stamps. Defendants argue that since the criminal charges were dismissed, the search warrant is immaterial and defendants should be allowed to proceed within the Department. Plaintiffs contend that section 20 of the Act requires defendants to proceed in circuit court rather than to conduct a hearing under section 18a for the purpose of confiscating the packages or under section 18b for the purpose of imposing a monetary penalty.

■■ The Cigarette Tax Act provides that the Department may impose both civil and criminal penalties upon the owner or possessor of packages of cigarettes which do not have affixed thereto valid State revenue stamps. (Ill. Rev. Stat. 1975, ch. 120, par. 453.16.) Section 20 of the Act provides that when the Department believes a violation of the Act has occurred, the Department may obtain a search warrant and seize any

original packages of cigarettes that are not validly tax stamped. Section 20 reads in pertinent part:

"Whenever any peace officer of the State or any duly authorized officer or employee of the Department shall have reason to believe that any violation of this Act has occurred and that the person so violating the Act has in his, her or its possession any original package of cigarettes, not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original package as required by this Act, or any vending device containing such original packages to which stamps have not been affixed, or on which an authorized substitute for stamps has not been imprinted underneath the sealed transparent wrapper of such original packages, as required by this Act, he may file or cause to be filed his complaint in writing, verified by affidavit, with any court within whose jurisdiction the premises to be searched are situated, stating the facts upon which such belief is founded, the premises to be searched, and the property to be seized, and procure a search warrant and execute the same. Upon the execution of such search warrant, the peace officer, or officer or employee of the Department, executing such search warrant shall make due return thereof to the court issuing the same, together with an inventory of the property taken thereunder. The court shall thereupon issue process against the owner of such property if he is known; otherwise, such process shall be issued against the person in whose possession the property so taken is found, if such person is known. In case of inability to serve such process upon the owner or the person in possession of the property at the time of its seizure, as hereinbefore provided, notice of the proceedings before the court shall be given as required by the statutes of the State governing cases of Attachment." (Ill. Rev. Stat. 1975, ch. 120, par. 453.20.)

Pursuant to section 18 of the Act, the Department also has authority to seize without a search warrant packages of cigarettes that are not validly tax stamped. Section 18 reads as follows:

"Any duly authorized employee of the Department may arrest without warrant any person committing in his presence a violation of any of the provisions of this Act, and may without a search warrant seize any original packages not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with the provisions of this Act and any vending device in which such packages may be found, and such original packages or vending devices so seized shall be

subject to confiscation and forfeiture as hereinafter provided." (Ill. Rev. Stat. 1975, ch. 120, par. 453.18.)

After packages of cigarettes are seized, a hearing must be held to determine whether such packages are not properly tax stamped and whether the packages should be confiscated and forfeited. Both sections 20 and 18a contain provisions regarding such hearings. Section 20 provides that:

> "*Upon the return of the process duly served or upon the posting or publishing of notice made, as hereinabove provided, the court or jury, if a jury shall be demanded, shall proceed to determine whether or not such property so seized was held or possessed in violation of this Act,* or whether, if a vending device has been so seized, it contained at the time of its seizure original packages not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act. In case of a finding that the original packages seized were not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with the provisions of this Act, or that any vending device so seized contained at the time of its seizure original packages not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with the provisions of this Act, judgment shall be entered confiscating and forfeiting the property to the State and ordering its delivery to the Department, and in addition thereto, the court shall have power to tax and assess the costs of the proceedings." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 120, par. 453.20.)

Section 18a provides that:

> "*After seizing any original packages of cigarettes,* or cigarette vending devices, *as provided in Section 18 of this Act, the Department shall hold a hearing and shall determine whether such original packages of cigarettes, at the time of their seizure by the Department, were not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with this Act,* or whether such cigarette vending devices, at the time of their seizure by the Department, contained original packages of cigarettes not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act. The Department shall give not less than 7 days' notice of the time and place of such hearing to the owner of such property if he is known, and also to the person in whose possession the property so taken was found, if such person is known and if such person in possession is not the owner of said

property. In case neither the owner nor the person in possession of such property is known, the Department shall cause publication of the time and place of such hearing to be made at least once in each week for 3 weeks successively in a newspaper of general circulation in the county where such hearing is to be held.

If, as the result of such hearing, the Department shall determine that the original packages of cigarettes seized were at the time of seizure not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act, or that any cigarette vending device at the time of its seizure contained original packages of cigarettes not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act, *the Department shall enter an order declaring such original packages of cigarettes or such cigarette vending devices confiscated and forfeited to the State, and to be held by the Department* for disposal by it as provided in Section 21 of this Act. The Department shall give notice of such order to the owner of such property if he is known, and also to the person in whose possession the property so taken was found, if such person is known and if such person in possession is not the owner of said property. In case neither the owner nor the person in possession of such property is known, the Department shall cause publication of such order to be made at least once in each week for 3 weeks successively in a newspaper of general circulation in the county where such hearing was held." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 120, par. 453.18a.)

It is apparent from a reading of sections 18a and 20 of the Act that both the Department and the circuit court have authority to conduct a hearing to determine whether certain packages of cigarettes should be confiscated and seized. We have found no cases determining the circumstances under which the hearing must be held by the circuit court rather than the Department. However, the plain words of sections 18a and 20 appear to support plaintiff's contention that if a search warrant is issued, the hearing must be conducted by the circuit court. Section 20 clearly states that after a search warrant is issued and served "the court or jury * * * *shall* proceed to determine whether or not such property *so seized* was held or possessed in violation of this Act * * *." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 120, par. 453.20.) Further, the first sentence of section 18a appears to limit application of that section to packages of cigarettes seized "as provided in section 18" thus seized without a warrant. Both sections 18a and 20 use the mandatory word "shall" rather than the permissive "may," thus lending support to plaintiff's interpretation.

■ Defendants contend, however, that plaintiffs' interpretation of the Act would unduly restrict the Department. It is true that statutes are to be construed as a whole and that it will be presumed that the legislature did not intend absurdity, inconvenience or injustice. (*People ex rel. Oak Supply & Furniture Co. v. Department of Revenue* (1976), 62 Ill. 2d 210, 342 N.E.2d 53.) In *Oak Supply* the court held that the word "shall" as used in section 10 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 449) should be interpreted as the permissive "may" so that the Department would not be frustrated in its purpose of collecting taxes. The court reasoned that the section, which concerns the issuance of subpoenas by the Department, was intended to assist rather than frustrate the operation of the statute. Similarly in the case at bar, plaintiffs' interpretation of the Cigarette Tax Act would frustrate the purpose of the Act. Section 20 of the Act authorizes the Department to obtain a search warrant so that the Department may pursue criminal penalties. Section 20 expands the Department's authority with respect to violations of the Act. We do not believe that section 20 was further intended to restrict the defendants in pursuing civil penalties. It is well established that a search warrant is criminal in nature and it has no relation to civil process. (*People v. Dolgin* (1953), 415 Ill. 434, 443, 114 N.E.2d 389.) Where criminal charges are initially brought but subsequently dismissed by a *nolle prosequi* order, the search warrant, although initially important, loses its significance. Further, the *nolle prosequi* order affects only the criminal prosecution (see *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265) and does not prevent defendants from pursuing the civil penalties of confiscation and forfeiture. It is clear that if defendants initially sought only civil penalties, a search warrant would not be necessary and the proceeding would be within the Department. We believe that even though criminal charges are initially brought and dismissed, if only civil penalties are at issue, the Department should be allowed to determine the issue of whether the packages are properly stamped and to impose civil penalties where prescribed by law. We find that plaintiffs' interpretation of the Act would unduly restrict defendants and force them to decide at an early stage whether or not to pursue criminal penalties on the basis that a particular forum is desired. Thus, we are of the opinion that the Act, when construed as a whole, was not intended to restrict the authority of the Department to hold hearings and to impose civil penalties when no criminal prosecution is involved[1] and that the trial court erred in issuing the writ of prohibition enjoining defendants from pursuing the civil

---

[1] It may be noted that where the wording of a statute causes confusion, clarification by the legislature of its intent could be easily achieved and would simplify judicial interpretation.

penalties of confiscation and forfeiture in an administrative hearing conducted by the Department.

██ Plaintiffs contend in the cross-appeal that defendants should have been enjoined from seeking within the Department not only confiscation and forfeiture but also from assessing the monetary penalties under section 18b of the Act. Based on our foregoing discussion and on the language of section 18b, we find that the trial court did not err in refusing to enjoin defendants from seeking within the Department the monetary penalty of 18b. Section 18b provides:

> "With the exception of licensed distributors, anyone possessing cigarettes contained in original packages which are not tax stamped as required by this Act, or which are improperly tax stamped, shall be liable to pay, to the Department for deposit in the State Treasury, a penalty of $10 for each such package of cigarettes in excess of 100 packages. Such penalty may be recovered by the Department in a civil action." (Ill. Rev. Stat. 1975, ch. 120, par. 453.18b.)

Section 18b contains no language limiting its application and in fact, the section authorizes the Department, not the court, to make the initial penalty assessment and then to recover such penalty in a civil action. (See *Department of Revenue v. Jamb Discount* (1973), 13 Ill. App. 3d 430, 301 N.E.2d 23.) In *Jamb Discount* the court held that once a hearing is held and it has been determined that a certain number of packages are not properly tax stamped, assessment of the 18b penalty becomes a ministerial, administrative act. Since a writ of prohibition may be invoked to enjoin only judicial or quasi-judicial powers and cannot be invoked to prohibit administrative functions (*Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266, 367 N.E.2d 700; *People ex rel. Blasi v. Burdett* (1915), 195 Ill. App. 255, 258-59), the trial court did not err in refusing to enjoin defendants from seeking the monetary penalties under section 18b.

Based on the foregoing we reverse the order of the circuit court which issued the writ of prohibition, and we affirm the order of the circuit court denying plaintiffs' motion for reconsideration.

Reversed in part and affirmed in part.

STAMOS, P. J., and HARTMAN, J., concur.