THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES WITVOET, d/b/a J.B. Fruits and Vegetables, Defendant-Appellee.

Third District   Nos. 3—90—0170, 3—90—0398 cons.

Opinion filed April 4, 1991.

STOUDER, P.J., specially concurring.

Neil F. Hartigan, Attorney General, of Springfield (Thomas L. Ciecko and Terence M. Madsen, Assistant Attorneys General, of Chicago, of counsel), for the People.

Sacks & Albrecht, of Kankakee (Adrienne W. Albrecht, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

The State of Illinois appeals from the dismissal of eight indictments charging defendant James Witvoet with failing to file retailers' occupation tax returns and failing to remit taxes collected from customers in 1986 and 1987. The trial court ruled that defendant was immune from prosecution under section 9 of the Retailer's Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 448), and the issue on appeal is whether the trial court correctly granted immunity in this case.

Defendant James Witvoet operates a roadside fruit and vegetable stand on Route 17 in Kankakee, Illinois, where he sells produce, flowers, lawn ornaments, soft drinks, and other items. In the course of investigating defendant's business, the Illinois Department of Revenue (Department) agents made purchases at the stand and talked with other customers. Subsequently, the Department sent defendant a "Formal Demand for Production of Books and Records," requesting defendant's financial records, income tax returns, cash register tapes, bank statements, and other records for the period from January 1, 1984, through December 31, 1986. The demand letter also stated, "Failure to comply with this demand may result in criminal prosecution."

In response to the demand letter, defendant allowed revenue agents and auditors into his home, where they transcribed information from his records. Thereafter, defendant was indicted for failure to file tax returns for eight separate months and for failure to remit retailers' occupation taxes collected during those same months.

Defendant filed a motion to dismiss all the charges on the ground that he was immune from prosecution under section 9 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1987, ch. 120, par. 448), which provides in part:

"[N]o person shall be prosecuted or subjected to any criminal penalty for, or on account of, any transaction made or thing concerning which he may testify or produce evidence, documentary or otherwise, before the department or an officer or employee thereof; provided, that such immunity shall extend only to a nat-

ural person who, in obedience to a subpoena, gives testimony under oath or produces evidence, documentary or otherwise, under oath."

Following a hearing, the trial court allowed the motion to dismiss.

The only issue on appeal is whether section 9 grants immunity to defendant here, where he did not produce evidence under oath or in response to a subpoena.

The State contends that defendant's response to its demand letter was voluntary and that statutory immunity does not extend to this situation, where no subpoena was issued and no evidence produced under oath. Defendant, on the other hand, insists that the grant of immunity must be as broad as the privilege against self-incrimination which is being restricted. In other words, the grant of immunity is as broad as the right of the Department to demand production of financial records. Defendant says that, since the Department could prosecute defendant for a failure to comply with its demand, the demand letter was just as compelling as a subpoena.

In a nearly identical case, *People v. Beller* (1977), 50 Ill. App. 3d 394, 365 N.E.2d 714, the court ruled in favor of the State. We hold that *Beller* is controlling in the case at bar.

In *People v. Beller* the defendant responded to a written notice which demanded that he produce various documents and appear at an administrative hearing. He did appear with the documents, and he testified under oath in the administrative proceeding to determine civil tax liability. Subsequently he was indicted for filing fraudulent tax returns, and his claim of immunity under section 9 was granted. The appellate court reversed, stating:

"As we have noted, the plain language of the statute requires the production of documents under compulsion of a subpoena in order for its immunity provision to become effective. The fact that defendant may have testified at the administrative hearing under oath does not mean that he necessarily did so involuntarily. *** The trial court was in error in dismissing the criminal complaints against defendant on the basis of the immunity provided by section 9 [448] of the Act, absent evidence that he was compelled to testify or produce documents by a subpoena." 50 Ill. App. 3d at 398, 365 N.E.2d at 716.

●1, 2 The court in *Beller* specifically ruled that section 9 does not force a person to produce documents but rather empowers the Department of Revenue to conduct investigations and hearings. The Department has the option of requesting compliance with the statute or of resorting to issuance of a subpoena. Here, as in *Beller*, without the

issuance of a subpoena, defendant voluntarily produced the records which he was required to keep and did so without meeting the requirements for statutory immunity from criminal prosecution based on the contents of those records.

Obviously the Department of Revenue will consider many different factors in determining how far it wishes to pursue a civil remedy for tax liability at the expense of a possible criminal prosecution. We are not prepared to stretch the grant of legislative immunity to cover every request for documentation sent by the Department to alleged retailers, even when the request is titled a demand. To do so would emasculate the criminal enforcement provisions of the Revenue Act.

Defendant cites the appellate court decision in *People v. Finkelstein* (1939), 299 Ill. App. 363, 20 N.E.2d 290, where the trial court granted defendant's motion to quash the indictment on the ground that defendant was immune from prosecution. The reviewing court affirmed, holding that the Department could not procure evidence under its investigatory powers unless the Act affords the witness immunity protection coexistensive with the immunity provisions of the constitution. In that case, the evidence was produced pursuant to a subpoena.

We do not read the appellate decision in *People v. Finkelstein* as contradicting our conclusion in the case at bar. The defendant there clearly came within the statutory grant of immunity since he produced documents and testified pursuant to the command of a subpoena. It should be noted that, on appeal to the Illinois Supreme Court, the appellate court decision was reversed on the ground that the trial court lacked authority to grant a motion to quash when a plea in bar was pending. (372 Ill. 186, 23 N.E.2d 34.) The supreme court did not comment upon the merits of the immunity question.

We hold that the circuit court of Kankakee County erred in dismissing the indictments. Defendant was not immune from prosecution under the circumstances of this case. We reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.

SLATER, J., concurs.

PRESIDING JUSTICE STOUDER, specially concurring:

Although I concur in the result reached, I do so only because of the authority of *People v. Beller* (1977), 50 Ill. App. 3d 394, 365 N.E.2d 714. I believe there are some weaknesses and deficiencies in the *Beller* case. In *Beller*, the record did not demonstrate that defendant was

compelled to testify or produce the company documents, as required by section 9 of the Act in order for its immunity provision to be applicable. (*Beller* 50 Ill. App. 3d at 397, 365 N.E.2d at 716.) Here, in contrast, the record does contain the "demand" letter sent by the Department of Revenue to the defendant.

Furthermore, the letter in the instant case clearly threatens the defendant with criminal prosecution should he fail to abide by its terms. It seems abundantly clear that when the State, particularly the State agency authorized to collect taxes due, demands your financial records under a threat of criminal prosecution, one might feel "compelled" to surrender one's records. In addition, this letter implies that, should the defendant comply with the demands of the letter, he will not be subject to prosecution. In practice, however, the defendant essentially protects himself from prosecution by *not* complying with the letter.

The anomalous nature of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1987, ch. 120, par. 448) should be reviewed by the legislature. It seems that the legislature provided the immunity provision in order to induce voluntary participation by the taxpayer during investigations by the Department. In practice, however, the statute is more of an entrapment device for the Department. In any event, the *Beller* decision, like this statute, has its own unique deficiencies.